**Michael BOX, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. ED 85800.**

Missouri Court of Appeals,
Eastern District,
Division Three.

April 25, 2006.

Michael Box, Jefferson City, MO, pro se.

Shaun J. Mackelprang, Jefferson City, MO, for respondent.

**BOOKER T. SHAW, J.**

Michael Box ("Movant") appeals *pro se* from the motion court's judgment denying him relief on his alleged claims of abandonment and conflict of interest by his post-conviction counsel. We find that *res judicata* precludes Movant from re-appealing the motion court's judgment on his

Rule 29.15 post-conviction relief motion, and dismiss the appeal.

This Court affirmed Movant's convictions after a jury trial for first-degree robbery, armed criminal action, first-degree burglary, two counts of felony stealing without consent and exceeding the posted speed limit in *State v. Box,* 81 S.W.3d 79 (Mo.App. E.D.2002). This Court also affirmed the denial of Movant's Rule 29.15 post-conviction relief without an evidentiary hearing in *Box v. State,* 161 S.W.3d 897 (Mo.App. E.D.2005).

Here, Movant alleges that he raised issues of abandonment and conflict of interest as to his post-conviction counsel during his original Rule 29.15 proceeding and the motion court erred in not granting him relief on these issues. These allegations, however, should have been raised in Movant's appeal from the motion court's judgment on his original Rule 29.15 motion. *Res judicata* bars the re-litigation of the same cause of action because the prior judgment is decisive not only on matters that were actually litigated in the prior action, but also those matters that could have been raised. *State ex rel Nixon v. Jones,* 108 S.W.3d 187, 190 (Mo.App. W.D. 2003). Movant is therefore precluded from asserting these prior claims in this present appeal by *res judicata.* Movant's appeal is dismissed.[1]

DISMISSED.

KATHIANNE KNAUP CRANE, P.J. and LAWRENCE E. MOONEY, J., Concur.

---

1. To the extent Movant is attempting to appeal from the motion court's denial of a motion to re-open his Rule 29.15 post-conviction proceeding to assert different claims of abandonment by his post-conviction counsel, we are unable to review any such motion or any decision by the motion court because the record before us does not reveal the filing by Movant of such a motion in the motion court or a judgment therefrom.