STATE of Missouri ex rel. Jeremiah W. NIXON, Attorney General, State of Missouri, Respondent,

v.

Richard A. JONES, Appellant Pro Se.

No. WD 61735.

Missouri Court of Appeals, Western District.

June 24, 2003.

Richard A. Jones, Farmington, pro se.

John P. Clubb, Jefferson City, MO, for respondent.

Before JOSEPH M. ELLIS, Chief Judge, HAROLD L. LOWENSTEIN, Judge and RONALD R. HOLLIGER, Judge.

JOSEPH M. ELLIS, Chief Judge.

Appellant Richard A. Jones appeals from a judgment entered in the Circuit Court of Cole County in favor of the State of Missouri in the amount of $18,911.20 for costs incurred in the incarceration of Appellant pursuant to the Missouri Incarceration Reimbursement Act (MIRA),[1] §§ 217.825 through 217.841.[2]

1. MIRA was enacted by the legislature "as a means of reimbursing the state for the cost of caring for and maintaining prisoners in the Missouri Department of Corrections." *State ex. rel. Nixon v. Turpin,* 994 S.W.2d 53, 55 (Mo.App. W.D.1999). Subject to some restrictions, under MIRA, the Attorney General may seek reimbursement for the state's expenses in caring for an inmate. *Id.*

2. All statutory references are to RSMo 2000 unless otherwise noted.

On April 30, 1999, Appellant was sentenced to serve a term of three years in the Missouri Department of Corrections. On June 15, 2000, the State of Missouri filed a petition against Appellant pursuant to MIRA seeking reimbursement for costs related to his care during the course of his incarceration. On June 7, 2001, the Circuit Court of Cole County entered its judgment in favor of the State in the amount of $9,140.01. The trial court found that the State had incurred costs in that amount for the care of Appellant from March 23, 2000, through January 5, 2001.

On May 13, 2002, the State again filed a petition against Appellant pursuant to MIRA seeking reimbursement for costs related to his care during the course of his incarceration. The State averred that "[u]p to the date of this petition plaintiff has incurred costs of defendant's care in the approximate amount of $16,648.61 or more." The State asked the Court to issue a show cause order requiring Appellant "to show cause why this Court should not enter an order appropriating and applying his assets to reimbursing the State of Missouri for the expenses of his care incurred by the State to date and in the future for the costs of his care." The State asked the court to enter an award in favor of the State to reimburse the State

for the costs that had been incurred for Appellant's care. The State further requested reimbursement for the future costs of care for Appellant yet to be incurred by the State and asked the court to retain jurisdiction over the action so that it might obtain reimbursement for those future costs of Appellant's care.

On June 24, 2002, Appellant filed his *pro se* response to the show cause order. In that response, Appellant claimed that the State's action should be barred under the principles of *res judicata* because the State's claim arose out of the same cause of action decided in the prior judgment. Appellant attached a certified copy of the trial court's prior judgment to his motion as an exhibit.

■ On July 22, 2002, the cause was heard by the Circuit Court, and the Court entered its judgment finding that the State had incurred costs of care and custody on behalf of Appellant in the amount of $18,911.20 over the period of January 6, 2001, through July 19, 2002. The Circuit Court entered judgment in favor of the State in that amount and ordered Appellant's bank to pay over to the State ninety percent of any future retirement/pension payments deposited into his account until the judgment was satisfied. Appellant, acting *pro se*, brings three points on appeal from this judgment.[3]

---

**3.** We note that neither Appellant nor the State has complied with the applicable rules of appellate procedure in setting forth the facts relevant to this case. Appellant's three-sentence statement of facts does not set forth most of the facts relevant to the questions presented for determination in this case as required by Rule 84.04(c) and merely sets out a brief history of filings in the case.

While we do not condone any noncompliance with the rules, appeals should be decided on the merits if possible. *Brown v. Hamid,* 856 S.W.2d 51, 53 (Mo. banc 1993). Accord-

ingly, because the argument section of Appellant's brief sufficiently sets forth the relevant facts, supported by citations to the record, we will exercise our discretion to review his claim in order to render a judgment on the merits.

For its part, the State has failed to provide any citation to the record in support of its factual statements and arguments in violation of Rule 84.04(i). Disregard of Rule 84.04(i) wastes the time and resources of this court and thereby results in unfairness to parties with appeals pending who have observed the requirements of Rule 84.04. *Kent v. Charlie*

■■■■■■■■■■■■■■■■■■■■■

■ Our review of the trial court's judgment is governed by the standard of review established in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). *Parkhurst v. Parkhurst*, 793 S.W.2d 634, 635 (Mo. App. E.D.1990). We must affirm the judgment of the trial court unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Beckers v. Seck*, 14 S.W.3d 139, 142 (Mo. App. W.D.2000). In reviewing the evidence, we view the evidence and all reasonable inferences drawn therefrom in the light most favorable to the judgment and disregard all evidence and inferences to the contrary. *McRentals, Inc. v. Barber*, 62 S.W.3d 684, 696 (Mo.App. W.D.2001).

In his first point, Appellant argues that the trial court erred in entering judgment in favor of the State because the State should have been barred from pursuing a second MIRA action against him under the principles of *res judicata* and collateral estoppel. Appellant claims that *res judicata* should have precluded the State from pursuing the same cause of action against him twice. Appellant also claims that the State was seeking reimbursement that it could have sought in its prior petition.

■ "Res judicata stands for the proposition that, when two suits concern the same cause of action, the earlier judgment is decisive as to matters actually litigated in the prior action, as well as to matters which could have been raised in the prior action." *Gardner v. Missouri State Highway Patrol Superintendent*, 901 S.W.2d 107, 119 (Mo.App. W.D.1995). "Res judicata applies not only to points and issues upon which the court was re-

quired by the pleadings and proof to form an opinion and pronounce judgment, but to every point properly belonging to the subject matter of litigation and which the parties, exercising reasonable diligence, might have brought forward at the time." *State v. Polley*, 2 S.W.3d 887, 893 (Mo.App. W.D.1999). "The purpose of res judicata is to relieve litigants 'of the cost and vexation of multiple lawsuits, conserving judicial resources and encouraging reliance on adjudications.'" *Gardner*, 901 S.W.2d at 119 (quoting *Hartsfield v. Barkley*, 856 S.W.2d 342, 344 (Mo.App. S.D.1993)). Appellant argues that the issue of whether he was liable to the State for expenses to be incurred subsequent to January 5, 2001, should have been litigated in the State's first lawsuit and, therefore, should be barred by under the principles of *res judicata*.

In response, the State asserts that the current action did not involve claims that were brought or could have been brought in its first lawsuit against Appellant. The State contends, without supporting citation to the record, that its first petition only sought reimbursement for the period of time from March 23, 2000, through January 5, 2001, for which the State had already incurred expenses for Appellant's care.[4] The State also claims, again without citation to the record and no apparent support in its petition, that its second MIRA action only sought an order reimbursing the State for costs associated with his incarceration after January 5, 2001. The State argues that its claims were brought in this manner because MIRA bars the State from pursuing reimburse-

*Chicken, II, Inc.*, 972 S.W.2d 513, 516 (Mo. App. E.D.1998). And, notwithstanding our best efforts, there were instances where we were unable to find support in the record for some factual assertions.

4. The record on appeal does not contain a copy of the State's petition in its first action against Appellant.

ment for expenses that have not yet been incurred.

Because the State's petition and the transcript from the first MIRA action are not included in the record on appeal, we are unable to ascertain whether the relief requested by the State in that first suit was limited to the period of time from March 23, 2000, through January 5, 2001. The judgment from that case, however, is included in the record. In that judgment, despite noting that the State was authorized to pursue future expenses under MIRA,[5] the trial court's award was limited to $9,140.01, which was the amount that the State Treasurer had certified in a sworn statement that the State had incurred in the cost of care for Appellant from March 23, 2000, through January 5, 2001. The judgment included no provision related to expenses to be incurred by the State in the future. Accordingly, either the State did not ask to be reimbursed for expenses to be incurred in the future, or the trial court considered the issue and decided not to award any relief for future expenses. Because we must view the record in the light most favorable to the trial court's judgment, *McRentals, Inc.*, 62 S.W.3d at 696, we must consider whether the judgment appealed from was proper under either scenario.

■ If the State's first petition requested reimbursement for costs to be incurred in the future, as it did in its petition in the second lawsuit, *res judicata* would clearly serve to bar the State from relitigating that issue in a subsequent action against Appellant. The judgment in that first MIRA action being final, it serves to preclude any further litigation of the issues

determined therein. *Bolz v. Hatfield,* 41 S.W.3d 566, 570 (Mo.App. S.D.2001). If the State felt the trial court was in error in failing to grant relief for future expense, it should have filed the appropriate post-trial motions and, if necessary, an appeal from that judgment.

■ We next examine whether *res judicata* would bar the State's second MIRA action if, as the State claims, it did not request any reimbursement for future expenses in its first MIRA action against Appellant. As noted *supra*, "[t]he doctrine of res judicata renders a judgment conclusive in a subsequent action between the same parties, not only as to all issues tried, but as to *all issues which might have been litigated.*" *Foster v. Foster,* 39 S.W.3d 523, 528 (Mo.App. E.D.2001) (emphasis added). The State argues that *res judicata* should not serve to bar its present claim for costs incurred after January 5, 2001, because it could not have brought a claim for those costs in its first MIRA action because claims for future costs are precluded by MIRA.

The State bases its argument entirely upon the language of § 217.833.2, which states that "[t]he amount of reimbursement sought from an offender shall not be in excess of the per capita cost for care for maintaining offenders in the state correctional center in which the offender is housed for the period or periods such offender is an offender in a state correctional center." The State contends that this language precludes the State from seeking expenses that have not yet been incurred by the State.

---

5. In the conclusions of law contained in the judgment in the first MIRA action, the trial court noted that MIRA "authorizes the State, through the Attorney General, to seek to secure reimbursement from current or former offenders for the expense of the State for the costs of their care incurred, *or to be incurred,* while maintained in a state correctional center."

The fundamental problem with the State's argument is that MIRA expressly and unequivocally authorizes the State to pursue future expenses in an action filed under MIRA. Section 217.831.1 provides that the Director of the Department of Corrections is required to forward an inmate's statement of assets, any other information the director has about an inmate's assets, and an estimate of what the total costs of care for the inmate will be. Section 217.831.3 states that, after receiving that information and performing his own investigation, "[i]f the attorney general ... has good cause to believe that an offender or former offender has sufficient assets to recover not less than ten percent of the estimated cost of care of the offender or ten percent of the estimated cost of care of the offender for two years, whichever is less, or has a stream of income sufficient to pay such amounts within a five-year period, the attorney general may seek to secure reimbursement for the expense of the state of Missouri for the cost of care of such offender or former offender." Section 217.835.1 goes on to expressly provide that "[t]he attorney general may file a complaint ... against any person under the jurisdiction of the department [of corrections] stating that the person is or has been an offender in a state correctional center, that there is good cause to believe that the person has assets, and *praying that the assets be used to reimburse the state for the expenses incurred or to be incurred, or both,* by the state for the cost of care of the person as an offender." (emphasis added).

Thus, unlike the rent and possession statute, § 535.060, which only allows for recovery of rent that is already due and thereby allows actions for future rent delinquencies without offending the principles of *res judicata, WEA Crestwood Plaza, L.L.C. v. Flamers Charburgers, Inc.,* 24 S.W.3d 1, 9 (Mo.App. E.D.2000), MIRA expressly allows the State to seek reimbursement for future expenses in an action against an inmate.[6] In fact, contrary to its present position on appeal, in its second MIRA action against Appellant, the State sought reimbursement for the future costs of care for Appellant yet to be incurred by the State and asked the court to retain jurisdiction over the action so that it might obtain reimbursement for those future costs of Appellant's care.

As MIRA expressly authorizes the State to pursue both expenses that have been incurred in the care of an inmate as well as expenses to be incurred in the future, the State clearly could have brought a claim for future expenses in its first lawsuit

---

**6.** Nothing in MIRA reflects an intention by the Legislature that the State be able to repeatedly bring actions against inmates on a weekly, monthly, or even yearly basis as costs are actually incurred by the State. In fact, by expressly allowing the State to pursue both expenses that have been incurred and those that will be incurred in the care of an inmate in the future, the legislature apparently sought to conserve judicial resources and protect the inmate and the State from the cost and vexation of multiple suits under MIRA. These are the same policy reasons behind the doctrine of *res judicata. Gardner v. Missouri State Highway Patrol Superintendent,* 901 S.W.2d 107, 119 (Mo.App. W.D.1995).

Allowing the State to pursue past and future expenses is also consistent with the other provisions in MIRA. MIRA restricts the State's recovery against an inmate to ninety percent of his assets at the time of adjudication. The statute was certainly not meant to allow the State to take the inmate back to court to obtain ninety percent of what was left after its previous action or actions. Furthermore, Section 217.835.6 provides that the prisoner shall be liable for the costs of the proceeding if he has sufficient assets to pay those costs. It would be fundamentally unfair to allow the State to repeatedly bring actions against an individual at that individual's expense when the entire matter could be resolved in one proceeding.

against Appellant. Accordingly, if the State did not request reimbursement for future expenses related to Appellant's incarceration in its first MIRA action, the present action would still be barred by principles of *res judicata* because that issue could have been litigated in the first MIRA action against Appellant. *Foster*, 39 S.W.3d at 528.[7]

For the foregoing reasons, the trial court erred as a matter of law in entering judgment in favor of the State because its claims were barred under the principles of *res judicata*. Consequently, the judgment of the trial court must be, and hereby is, reversed.[8]

All concur.

---

**7.** *See also Willis v. Willis*, 50 S.W.3d 378, 390 (Mo.App. W.D.2001) ("*Res judicata* applies not only to points and issues upon which the court was required ... to form an opinion and pronounce judgment, but to every point properly belonging to the subject matter of litigation and which the parties, exercising reasonable diligence, might have brought forward at the time.") (internal quotations omitted).

**8.** Having reached this conclusion, we need not address Appellant's remaining points on appeal; however, because Appellant's third point identifies problems with the trial court's judgment that may arise again in the future, we will briefly address that issue *ex gratia*. In its Judgment, the trial court ordered the Greene County Bank, where appellant's pension payments were being deposited, "to pay over to the 'State of Missouri' 90% of any future retirement/pension payments deposited

into [Appellant]'s account(s). Each payment shall be mailed to the Missouri Attorney General's Office, c/o Assistant Attorney General Virginia Hurtubise Murray, P.O. Box 899, Jefferson City, Missouri, 65102, until said payments total $18,911.20." As it relates to the payment of the funds awarded under MIRA, the trial court's judgment runs contrary to the provisions of Section 217.841.1, which states: "All reimbursement collected shall be paid to the *'Inmate Incarceration Reimbursement Act Revolving Fund'*, which is hereby established in the state treasury.... [M]oneys in the inmate incarceration reimbursement act revolving fund shall not lapse, be transferred or appropriated to or placed to the credit of the general revenue fund or any other fund of the state." (emphasis added). Judgments in MIRA cases should be entered in a manner consistent with § 217.841.1.