STATE ex rel. Jeremiah W. NIXON, Attorney General, State of Missouri, Respondent,

v.

James A. POWELL, Appellant.

No. SC 86453.

Supreme Court of Missouri, En Banc.

July 12, 2005.

James A. Powell, Northeast Correctional Center, Bowling Green, MO, for Appellant

Jeremiah W. (Jay) Nixon, Atty. Gen., Paul Harper, Asst. Atty. Gen., Jefferson City, MO, for Respondent.

PER CURIAM.

James Powell is an offender committed to the custody of the department of corrections. The attorney general filed this action seeking reimbursement for the costs of Powell's care while incarcerated. The action is governed by the "Missouri Incarceration Reimbursement Act," sections 217.825 to 217.841.[1] Powell objected to the reimbursement. The circuit court entered judgment for the attorney general after sustaining his motion for summary judgment. Powell appeals, contending the act is invalid because it is unconstitutionally vague and violates due process. This Court has jurisdiction. Mo. Const. article V, section 3. Finding no error, the judgment is affirmed.

■ Powell contends the attorney general did not have good cause to believe there were sufficient assets to recover "not less than ten percent of the estimated cost

---

1. All statutory citations are to RSMo 2000.

of care ... for two years...." *Section 217.831.3.* When he filed the action, the attorney general knew that Powell had $1,458.57 in his inmate account and was receiving monthly income of $526.00. The parties agree that ten percent of the estimated cost of care is $2,600. In fact, before the action was completed, more than $2,600 was available.

■ The act does not require that the ten-percent amount be in existence before the action is filed. Section 217.831.3 requires "sufficient assets" to exist. Section 217.827(1)(a)c defines "assets" to include "[a] current stream of income from any source whatsoever...." Given the fixed amount in his account and Powell's monthly income, the trial court properly found that good cause existed.

■ Powell claims due process required a post-deprivation hearing to provide an opportunity to show good cause did not exist. This claim was not raised at the first opportunity and is not preserved. *Hatfield v. McCluney,* 893 S.W.2d 822, 829 (Mo. banc 1995). No plain error occurred as good cause was shown.

■ Similarly, Powell's related argument that the statutes are unconstitutionally vague as to what assets should be considered to determine good cause was not raised at the first opportunity and is not preserved. *Id.* A vagueness challenge is applicable only to the facts at hand. *State v. Brown,* 140 S.W.3d 51, 55 (Mo. banc 2004). Under the facts of this case, the statutes are not vague.

■ The statutes also do not require the attorney general to receive a judgment that is equal to or greater than ten percent of the pertinent estimated cost of care. So long as good cause exists that sufficient assets are available (as in this case), the court is to adjudicate the proper amount. The statutes make no reference to any minimum amount that must be recovered.

■ Powell next argues that substantive due process is violated to the extent the statutes permit his disability/retirement pension benefits to be used for reimbursement for the cost of his care. The established method of substantive-due-process analysis has two primary factors: First, the due process clause specially protects those fundamental rights and liberties which are, objectively, deeply rooted in the nation's history and tradition and implicit in the concept of ordered liberty, such that neither liberty nor justice would exist if they were sacrificed. Second, a careful description of the asserted fundamental liberty interest is required. *Washington v. Glucksberg,* 521 U.S. 702, 720–21, 117 S.Ct. 2258, 138 L.Ed.2d 772 (1997).

■ Powell provides no authority holding that a disability pension is a fundamental right or liberty deeply rooted in the nation's history and tradition. He also fails to describe carefully the asserted fundamental liberty interest.

■ Finally, Powell contends that the incarceration reimbursement act impairs his contract as to his disability pension because the contract contains an anti-alienation provision that the judgment negates. The judgment in this case specifically requires the pension to be paid to Powell in his inmate account; it does not direct payment to another. The judgment only affects the inmate account, not the relation between Powell and the pension payer.

The judgment is affirmed.

All concur.