STATE of Missouri ex rel. Jeremiah W. (Jay) NIXON, Attorney General, State of Missouri, Respondent,

v.

Chad WATSON, Appellant.

No. WD 66458.

Missouri Court of Appeals,
Western District.

Nov. 7, 2006.

Jeremiah W. (Jay) Nixon, Atty. Gen., Paul Harper, Assistant Attorney General, Jefferson City, MO, for respondent.

Chad Watson, Kansas City, MO, appellant pro se.

Before EDWIN H. SMITH, C.J., and SPINDEN and SMART, JJ.

EDWIN H. SMITH, Chief Judge.

Chad Watson appeals, *pro se*, the summary judgment of the Circuit Court of Cole County for the respondent, the State of Missouri, on its petition for reimbursement, pursuant to the Missouri Incarceration Reimbursement Act (MIRA), §§ 217.825–.841,[1] for the costs of his incarceration in the Missouri Department of Corrections (DOC). The appellant was convicted in 2002 in the Circuit Court of Clay County of conspiracy to manufacture a controlled substance, in violation of § 564.016, and sentenced to a prison term of seven years in the DOC. In 2004, he was convicted in the Circuit Court of Clay County of attempted possession of a controlled substance, in violation of §§ 564.011 and 195.202, and sentenced to a prison term of four years in the DOC, to run concurrently with his 2002 prison sentence of seven years.

The appellant raises two points on appeal. In Point I, he claims that the trial court's summary judgment for the State, on its MIRA petition against him, is deficient and not a final judgment subject to appellate review, because the court failed to make, as required by § 217.831.3, a written finding in its judgment entry that the Attorney General had "good cause" to believe that the appellant had "sufficient assets to recover not less than ten percent of the estimated cost of care." In Point II, he claims that the trial court erred in sustaining the State's motion for summary judgment on its MIRA petition because the State failed to allege in its motion for summary judgment, as required by Rule 74.04,[2] undisputed facts establishing that the Attorney General, as mandated by § 217.831.3, had "good cause" to believe that the appellant had "sufficient assets to recover not less than ten percent of the estimated cost of care."

We affirm.

## Facts

The appellant was convicted in 2002 in the Circuit Court of Clay County of conspiracy to manufacture a controlled substance, in violation of § 564.016, and sentenced to a prison term of seven years in the DOC. In 2004, he was convicted in the Circuit Court of Clay County of attempted possession of a controlled substance, in violation of §§ 564.011 and 195.202, and sentenced to a prison term of four years in the DOC, to be served concurrently with his 2002 sentence of seven years.

On September 21, 2005, the State filed, in the Circuit Court of Cole County, a MIRA petition, seeking reimbursement from the appellant for the cost of his incarceration. The petition alleged that the State had expended approximately $34,764.14 in incarcerating the appellant. The petition also alleged that the appellant received a refund check from the IRS in the amount of $430.92 and had a "steady

---

1. All statutory references are to RSMo, 2000, unless otherwise indicated.

2. All rule references are to Missouri Rules of Civil Procedure, 2006, unless otherwise indicated.

stream of income coming from various people." On September 22, 2005, the trial court entered an order directing the appellant to show cause why judgment should not be entered against him appropriating his assets to reimburse the State for the cost of his incarceration and appointing a receiver for the funds in the appellant's inmate account. The order further directed the appellant to respond by December 12, 2005. On October 24, 2005, the appellant filed a response to the trial court's show cause order, in which he claimed that the State was not entitled to reimbursement because it could not reasonably expect to recover, at least, ten percent of the total cost of his incarceration.

On November 8, 2005, the State filed a motion for summary judgment on its MIRA petition, in which it alleged facts, which it claimed were undisputed and proved each and every element of its MIRA reimbursement claim. On November 29, 2005, the appellant filed his reply to the State's motion for summary judgment, in which he alleged that the State had not alleged facts establishing that it would be able to recover, at least, ten percent of the estimated cost of his incarceration, a prerequisite under the law for MIRA recovery under § 217.831.3.

On December 12, 2005, the trial court entered summary judgment in favor of the State on its MIRA petition. In its judgment, the trial court found that the appellant had $1,204.85 in his inmate account and that ninety percent of that account, or $1,084.37, was subject to reimbursement, under the MIRA. The court ordered the DOC inmate finance officer to pay $1,084.37 from the appellant's correctional account into the Inmate Incarceration Reimbursement Act Revolving Fund, established by § 217.841.1. The court also entered judgment against the appellant for reimbursement of future costs of his incarceration.

This appeal follows.

## I.

Because our resolution of the appellant's claim in Point II is dispositive of his claim in Point I, we logically address Point II first.

In Point II, the appellant claims that the trial court erred in sustaining the State's motion for summary judgment on its MIRA petition because the State failed to allege in its motion for summary judgment, as required by Rule 74.04, undisputed facts establishing that the Attorney General, as mandated by § 217.831.3, had "good cause" to believe that the appellant had "sufficient assets to recover not less than ten percent of the estimated cost of care." We disagree.

In reviewing the grant of summary judgment by the trial court, as here:

[o]ur review is essentially de novo. The criteria on appeal for testing the propriety of summary judgment are no different from those which should be employed by the trial court to determine the propriety of sustaining the motion initially. The propriety of summary judgment is purely an issue of law. As the trial court's judgment is founded on the record submitted and the law, an appellate court need not defer to the trial court's order granting summary judgment.

*Lane v. Non–Teacher Sch. Employee Sys. of Mo.*, 174 S.W.3d 626, 632 (Mo.App.2005) (*quoting ITT Commercial Fin. Corp. v. Mid–Am. Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. *banc* 1993) (internal citations omitted)). "Summary judgment will be upheld on appeal if: (1) there is no genuine dispute of material fact, and (2) the movant is entitled to judgment as a

matter of law." *Id.* at 632–633 (*citing ITT*, 854 S.W.2d at 380). When considering appeals from summary judgments, we will:

review the record in the light most favorable to the party against whom judgment was entered. Facts set forth by affidavit or otherwise in support of a party's motion are taken as true unless contradicted by the non-moving party's response to the summary judgment motion. We accord the non-movant the benefit of all reasonable inferences from the record.

*Id.* at 633 (*quoting ITT*, 854 S.W.2d at 376) (internal citations omitted).

To be entitled to summary judgment, the movant must demonstrate that: (1) there is no genuine dispute as to the material facts on which he relies for summary judgment; and (2) based on those facts, he is entitled to judgment as a matter of law. Rule 74.04(c)(6); *Block Props. Co., Inc. v. Am. Nat'l Ins. Co.,* 998 S.W.2d 168, 173 (Mo.App.1999). The right to judgment as a matter of law differs significantly depending upon whether the movant is a "claimant" or a "defending party." *ITT,* 854 S.W.2d at 381. In our case, the movant, the State, is a claimant. A claimant-movant, to be entitled to summary judgment, "must establish that there is no genuine dispute as to those material facts upon which he would have had the burden of persuasion at trial, entitling him to judgment as a matter of law." *Mo. Employers Mut. Ins. Co. v. Nichols,* 149 S.W.3d 617, 623 (Mo.App.2004). "Thus, a claimant, to be entitled to summary judgment, must allege undisputed facts establishing each and every element of his claim." *Id.* And, if an affirmative defense has been properly alleged by the non-movant, the claimant must also allege undisputed facts that negates one or more of the proof elements of that defense. *Id.*

In 1988, the Missouri General Assembly enacted the MIRA, which is found in §§ 217.825 to 217.841. Pursuant to the MIRA, every offender is required to complete a standard form regarding his assets upon being sentenced to the DOC. §§ 217.829.1–3. An "offender" is defined in § 217.827(5) as "any person who is under the jurisdiction of the department and is confined in any state correctional center or is under the continuing jurisdiction of the department[.]" The "department" is the DOC. § 217.827(3). Pursuant to § 217.831.1, the director of the DOC is required to "forward to the [A]ttorney [G]eneral a report on each offender containing a completed form ... together with all other information available on the assets of the offender and an estimate of the total cost of care for that offender." The Attorney General may then investigate or cause to be investigated the forms that have been forwarded. § 217.831.2. And if, upon completing his investigation, the Attorney General has "good cause" to believe that the offender has sufficient assets to recover at least "ten percent of the estimated cost of care of the offender or ten percent of the estimated cost of care of the offender for two years, whichever is less, or has a stream of income sufficient to pay such amounts within a five-year period," he "may seek to secure reimbursement" for the cost of the offender's care. § 217.831.3.

Pursuant to § 217.835.1, once the Attorney General has good cause to believe that he can recover sufficient assets from the offender, the Attorney General is then authorized to:

file a complaint in the circuit court for the county or city from which a prisoner was sentenced or in the circuit court in the county or city of the office of the director of the department, against any person under the jurisdiction of the department stating that the person is or

has been an offender in a state correctional center, that there is good cause to believe that the person has assets, and praying that the assets be used to reimburse the state for the expenses incurred or to be incurred, or both, by the state for the cost of care of the person as an offender.

Once a complaint is filed, the circuit court is required to issue an order to the offender to show cause why the complaint should not be granted. § 217.835.2. After a hearing on the complaint and order, the court shall order reimbursement to the State, provided: "it appears that the person has any assets which ought to be subjected to the claim of the state." § 217.835.3.

As noted, *supra*, the State, as a claimant, to be entitled to summary judgment, had to allege in its motion for summary judgment undisputed facts establishing each and every element of his claim. *Mo. Employers Mut. Ins. Co.*, 149 S.W.3d at 623. In claiming as the appellant does in this point, that the trial court erred in granting the State summary judgment on its MIRA petition because it failed to allege facts in its motion establishing that the Attorney General had "good cause" to believe that the appellant had sufficient assets to recover at least ten percent of the cost of his incarceration, he is necessarily claiming that the "good cause" requirement of § 217.831.3 is a proof element of the State's *prima facie* case for summary judgment on its MIRA petition. This court held otherwise in *State ex rel. Nixon v. Koonce*, 173 S.W.3d 277, 284–85 (Mo.App.2005).

In *Koonce*, this court held that the "good cause" provision of § 217.831.3 was only a limitation on the Attorney General's discretion to file a MIRA petition, which once met was not a condition precedent to the State's recovery. *Id.* at 284. In so holding, we determined that, in interpreting § 217.831.3, the intent of the legislature

was for the "good cause" language of the statute to serve only "as a cost-effective limitation on the Attorney General's authority to seek a MIRA reimbursement." *Id.* We reasoned that: "Logically, the legislature did not want the Attorney General expending the State's limited resources in seeking reimbursement without some reasonable expectation of a minimum return." *Id.* In other words, the "good cause" requirement of § 217.831.3 was never intended to serve "as a protection to the offender by limiting the extent to which the State could deplete his assets in recovering the cost of incarceration." *Id.* at 285. Rather, it was intended only as a check on the ability of the Attorney General to bring suit for MIRA reimbursement in order to insure that there was a high probability of a financial gain to the State when its limited resources were expended by the Attorney General in prosecuting such actions. *Id.* Hence, finding that the appellant was not claiming "that the Attorney General did not satisfy the conditions precedent of § 217.831.3 for filing a MIRA petition so as to void the petition and the subsequent judgment[,]" *id.*, but was only attacking the summary judgment for the State on the basis that it did not make a *prima facie* case for summary judgment, the *Koonce* court affirmed. *Id.* at 287.

In claiming as he does in this point, that the "good cause" requirement of § 217.831.3 is a proof element of the State's case for MIRA reimbursement, not just a condition precedent to the Attorney General's filing of the MIRA petition, the appellant, without mentioning *Koonce*, relies on *State ex rel. Nixon v. Powell*, 167 S.W.3d 702, 705 (Mo. *banc* 2005). His reliance on *Powell* is misplaced in that there the Court was not asked to address the issue of whether the "good cause" requirement of § 217.831.3 was a proof element of the State's *prima facie* case for summary judgment on its MIRA petition

or simply a condition precedent to the Attorney General's filing of the petition. Rather, the issue presented to the Court, on the issue of "good cause," was simply whether the State's motion for summary judgment alleged undisputed facts establishing that the Attorney General had "good cause to believe there were sufficient assets to recover 'not less than ten percent of the estimated cost of care . . . for two years. . . .' " *Powell*, 167 S.W.3d at 704–05 (*quoting* § 217.831.3). The Court never articulated whether it was reviewing the sufficiency of the evidence to determine whether the "good cause" requirement of § 217.831.3 was satisfied as a condition precedent of the filing of the petition or as a proof element of the State's substantive case, as discussed in *Koonce*. Thus, it can hardly be said that *Powell* is contrary to *Koonce* so as to support the appellant's claim. Although *Powell* was decided approximately one month after *Koonce*, the Court never mentioned *Koonce* and denied transfer of *Koonce* after its decision in *Powell*. If *Koonce* was contrary to the Court's decision in *Powell*, one would reasonably have expected that the Court would have so held in *Powell* or would have, at the very least, granted transfer in *Koonce*, but it did neither.

As in *Koonce*, the appellant here does not attack the validity of the State's MIRA petition, seeking to void it, but simply claims that the trial court erred in granting the State's motion for summary judgment on its MIRA petition because the State failed to establish, as a prerequisite to recovery, as opposed to a condition precedent of the filing of the petition, that the "good cause" requirement of § 217.831.3 was satisfied. As such, his claim in this point is without merit.

Point denied.

## II.

In Point I, the appellant claims that the trial court's summary judgment for the State, on its MIRA petition against him, is deficient and not a final judgment subject to appellate review, because the court failed to make, as required by § 217.831.3, a written finding in its judgment entry that the Attorney General had "good cause" to believe that the appellant had "sufficient assets to recover not less than ten percent of the estimated cost of care." Obviously, this claim is without merit given our resolution of Point II, *supra*. Having already determined, in accordance with *Koonce*, that the "good cause" requirement of § 217.831.3 is not a proof element of the State's *prima facie* case for summary judgment on its MIRA petition, but only a condition precedent to the filing of the petition, the trial court, in granting summary judgment to the State on its MIRA petition, was not under any obligation to make an express "good cause" finding in its judgment, as claimed by the appellant in this point.

## Conclusion

The summary judgment of the Circuit Court of Cole County for the respondent, the State of Missouri, on its MIRA petition for reimbursement of the cost of incarcerating the appellant in the DOC, is affirmed.

SPINDEN and SMART, JJ., concur.