STATE of Missouri, ex rel., Jeremiah
W. NIXON, Attorney General,
Appellant,

v.

Kimberly A. HOUSTON, Respondent.

No. WD 67659.

Missouri Court of Appeals,
Western District.

Feb. 13, 2008.

Paul Harper, Assistant Attorney General, Jefferson City, MO, for appellant.

Michael S. Shipley, Liberty, MO, for respondent.

Before VICTOR C. HOWARD, Chief Judge, PATRICIA BRECKENRIDGE [1], Judge and JOSEPH M. ELLIS, Judge.

JOSEPH M. ELLIS, Judge.

The State of Missouri appeals from a judgment entered in the Circuit Court of Cole County denying a petition filed by the Missouri Attorney General to recover from Respondent Kimberly Houston costs the State has incurred as a result of her incarceration pursuant to the Missouri Incarceration Reimbursement Act ("MIRA"), §§ 217.825 to 217.841.[2]

Respondent has been incarcerated in the Missouri Department of Corrections since 1995, serving sentences for her convictions of two counts of first-degree robbery and two counts of armed criminal action. On February 28, 2006, the State filed a petition seeking reimbursement from Respondent for costs associated with her incarceration under MIRA. Shortly thereafter, the circuit court issued a show cause order, requiring Respondent to show cause why judgment should not be entered against her. Respondent filed a timely response to that order, asserting that the circuit court lacked jurisdiction over the matter because the action was void *ab initio*. Respondent claimed that the State had no basis for believing that she had sufficient assets to reimburse the State at least ten percent of the cost of two years incarceration or a stream of income sufficient to pay that amount within five years, a condition precedent to bringing a MIRA action.

---

1. Breckenridge, J., was a member of this court at the time the case was argued and submitted. She was subsequently appointed a judge of the Supreme Court of Missouri but has been reassigned to this court as a special judge for the purpose of disposition of this case.

2. All statutory references are to RSMo 2000 unless otherwise noted.

The case was submitted to the court on stipulated facts, affidavits, and documents, with the parties filing trial briefs. On October 18, 2006, the trial court entered its judgment denying the State's petition. In its judgment, the trial court stated: "Pursuant to § 217.831.3, R.S.Mo. the Attorney General's authority to pursue a MIRMA [sic] action is dependent upon proof that an offender 'has sufficient assets to recover not less than ten percent of the estimated cost of care of the offender or ten percent of the estimated cost of care of the offender for two years, whichever is less, or has a stream of income sufficient to pay such amounts within a five-year period.'" The court found that the estimated cost of Respondent's incarceration for two years was $24,794.00 and that the State, therefore, had to demonstrate that Respondent would be able to reimburse at least $2,479.40 within the next five years. The court further found that Respondent lacked sufficient assets to pay that amount and that she did not have a stream of income sufficient to pay that amount over the next five years. For that reason, the court concluded that the State failed to prove its case. The State brings one point on appeal.

■ Our review of the trial court's judgment in a court-tried case is governed by the standard of review established in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). *State ex rel. Nixon v. Jones*, 108 S.W.3d 187, 190 (Mo.App. W.D.2003). Accordingly, "[w]e must affirm the judgment of the trial court unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law." *Id.*

In its sole point on appeal, the State asserts that the trial court misstated and misapplied the law under MIRA in denying its petition because it considered Respondent's ability to pay rather than the State's good cause to believe she could pay. The State further asserts that it was not required to plead or prove good cause to be entitled to relief.

In its judgment, the trial court stated that the State was required to prove that an inmate has sufficient assets or income to pay the requisite amount within five years. That is clearly a misstatement of the law.

■ Pursuant to § 217.831.3, the attorney general must have " *'good cause' to believe that the offender has sufficient assets* " before he is granted the authority to file a MIRA petition. *State ex rel. Nixon v. Watson*, 204 S.W.3d 716, 719 (Mo.App. W.D.2006) (emphasis added); *see also State ex rel. Nixon v. Powell*, 167 S.W.3d 702, 704–05 (Mo. banc 2005). This good cause belief is a condition precedent to the filing of a MIRA action. *Watson*, 204 S.W.3d at 720; *Powell*, 167 S.W.3d at 704–05; *State ex rel. Nixon v. Koonce*, 173 S.W.3d 277, 283–84 (Mo.App. W.D.2005). "[I]f the conditions precedent are not satisfied, the Attorney General has no authority or discretion to file a MIRA petition." *Koonce*, 173 S.W.3d at 283–84. Accordingly, where, as here, the inmate raises the issue of good cause and seeks to void the State's petition, the trial court must determine whether the State satisfied this condition precedent. *See Watson*, 204 S.W.3d at 719; *Powell*, 167 S.W.3d at 704–05; *Koonce*, 173 S.W.3d at 285–86.

■ There is no requirement under MIRA, however, that the inmate actually have sufficient assets or income to pay a minimum amount, only that the Attorney General have good cause to believe the inmate has sufficient assets and/or income. *Watson*, 204 S.W.3d at 719; *Powell*, 167 S.W.3d at 705; *Koonce*, 173 S.W.3d at 285–86. "So long as good cause exists that

sufficient assets are available ..., the court is to adjudicate the proper amount. The statutes make no reference to any minimum amount that must be recovered." *Powell,* 167 S.W.3d at 705.

The MIRA scheme requires the Director of the Department of Corrections to forward a report on each offender to the Attorney General. *§ 217.831.1.* The report includes the inmate's asset disclosure form as required by § 217.829.3 and "all other information available on the assets of the offender and an estimate of the total cost of care for that offender." *§ 217.831.1.* Section 217.831.2 provides that "[t]he attorney general may investigate or cause to be investigated all reports furnished pursuant to the provisions of subsection 1 of this section." Section 217.831.3 provides:

If the attorney general upon completing the investigation under subsection 2 of this section has good cause to believe that an offender or former offender has sufficient assets to recover not less than ten percent of the estimated cost of care of the offender or ten percent of the estimated cost of care of the offender for two years, whichever is less, or has a stream of income sufficient to pay such amounts within a five-year period, the attorney general may seek to secure reimbursement for the expense of the state of Missouri for the cost of care of such offender or former offender.

Thus, as this Court recently noted, MIRA "assumes that the Attorney General will conduct such an investigation prior to filing a petition for reimbursement." *State ex rel. Nixon v. Worthy,* 247 S.W.3d 8, 13 (Mo.App. W.D.2008).

*State ex rel. Nixon v. Worthy* is in many ways factually and procedurally similar to the instant appeal. There, the State filed its MIRA petition and the offender filed a timely response in which she alleged that "the Attorney General lacked the authority to file the petition because he did not have 'good cause to believe there were sufficient assets to recover,'" and that "'the action is void *ab initio* due to plaintiff's failure to satisfy a condition precedent to its institution.'" *Id.* at 10, 11. After a hearing, the trial court entered judgment in favor of the offender, and included the identical statement that was made in the judgment in this case, to wit:

"[T]he Attorney General's authority to pursue a MIRA action *is dependent upon proof* that an offender 'has sufficient assets to recover not less than ten percent of the estimated cost of care of the offender or ten percent of the estimated cost of care of the offender for two years, whichever is less, or has a stream of income sufficient to pay such amounts within a five-year period,'"

*Id.* at 12 (emphasis added). Nonetheless, this Court affirmed the judgment. *Id.* at 14–15. We did so in large part because the State failed to properly articulate the trial court's error in its two points on appeal. The second point was denied as too abstract. *Id.* In its first point, the State tried, but failed, to raise the correct issue on appeal. The State's Point I declared:

The trial court erred in granting judgment based on a ruling that the Attorney General did not have good cause to file because MIRA does not provide a defense based on the good cause provision and, if a review of the Attorney General's administrative decision exists under Missouri law, the trial court may only review the determination if the offender filed a counterclaim under [sec.] 561.150(sic), RSMo, in that Worthy never filed a counterclaim under [sec.] 536.150, RSMo.

*Id.* at 13. Thus, the State did not argue on appeal that the trial court misstated and misapplied the law by requiring that the

State prove that the offender had sufficient assets to permit recovery of either of the statutory amounts. In *Worthy*, we noted that "[t]he Point Relied On is somewhat confusing because section 536.150 was never mentioned in the trial court. It is not at all clear what the Attorney General's real argument is here." *Id.* at 14. While we went on to discuss some of what we *thought* the State might be arguing, noting that "[t]he State also argues that the judgment is erroneous because it relies upon facts that were unknown to the Attorney General when he made his good cause determination—*i.e.,* that the deposits were gifts," we nevertheless concluded that "because the State did not include this claim in its Point Relied On, we decline to examine it further." *Id.* at 14.

In the instant appeal, the State came closer to getting it right. The State's sole point on appeal states:

> The trial court erred in granting judgment against the State because MIRA does not require the State to plead or prove good cause to file the action in that the trial court based its judgment on a misstatement of law ruling that the State did not prove it had good cause to file.

Here, the State asserts that the judgment is erroneous because the statute does not require it to plead or prove good cause as required by the trial court's misstatement and misapplication of the law. Thus, the State in this case properly articulates the trial court's error and we reverse on that basis.

■ Yet the State's arguments in both *Worthy* and the case *sub judice* demonstrate either a misunderstanding of, or an unwillingness to accept, this Court's prior holdings in *Koonce* and *Watson,* and our Supreme Court's decision in *Powell.* Those cases clearly hold that the Attorney General's good cause belief that the offender has sufficient assets is a condition precedent to the filing of a MIRA action. *Watson,* 204 S.W.3d at 720; *Powell,* 167 S.W.3d at 704–05; *Koonce,* 173 S.W.3d at 283. Both *Koonce* and *Watson* go on to explain that because of this, the offender has no basis to attack the State's petition because the State failed to plead or prove *"as a prerequisite to recovery,"* Watson, 204 S.W.3d at 721 (emphasis added), the good cause requirement. *Id.; Koonce,* 173 S.W.3d at 285–86. But both *Koonce* and *Watson* clearly and unequivocally hold that an offender may challenge the State's MIRA petition on the basis *" 'that the Attorney General did not satisfy the conditions precedent of § 217.831.3 for filing a MIRA petition so as to void the petition ....' "* *Watson,* 204 S.W.3d at 720 (quoting *Koonce,* 173 S.W.3d at 285) (emphasis added). The critical distinction is that, while the State does not have to plead and prove good cause to recover, *the offender may properly assert a claim that the court lacks jurisdiction to hear the petition because the conditions precedent to the filing of the action were not met.*

■ In both *Worthy* and the instant appeal, the offenders correctly perceived this distinction and timely asserted that the trial court lacked jurisdiction because the Attorney General did not have good cause to file the action, and they presented affidavits and other documents in support of their contention. When faced with such a claim, it is incumbent on the Attorney General to demonstrate that the State conducted the thorough investigation contemplated by § 217.831.2 & 3, and that the good cause required by § 217.831.3 existed so as to authorize the filing of the MIRA petition.

■ As noted previously, in this case, Respondent asserted in the trial court that the court lacked jurisdiction over the mat-

ter because the action was void *ab initio*, in that the State did not have good cause to believe that Respondent had sufficient assets as required by the statutes to authorize the filing of the action. In its judgment, the trial court did misstate the law by declaring that the State's authority to pursue the action was dependent "upon proof that the offender" has the assets or stream of income specified in the statute.[3] While the trial court's judgment strongly suggests that it was finding that the State lacked good cause to proceed with the action, we cannot say so with absolute certainty.

Accordingly, the judgment must be reversed and the cause remanded to the trial court to determine whether the State had good cause, when it filed its MIRA petition, to believe Respondent had sufficient assets and/or income available and for any further proceedings consistent with this opinion.

All concur.

---

**3.** For her part, Respondent couches her arguments on appeal from the perspective that the trial court found in her favor on the issue of good cause and that the evidence supported such a finding. Given the express language of the trial court's judgment and the findings made therein, the judgment simply cannot be interpreted as having made a finding as to good cause.