**STATE of Missouri, ex rel. Jeremiah W. NIXON, Attorney General, State of Missouri, Respondent,**

v.

**Anthony ROBINSON, Appellant.**

**No. WD 68438.**

Missouri Court of Appeals, Western District.

Sept. 2, 2008.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 28, 2008.

Application for Transfer Denied Dec. 16, 2008.

Bruce C. Houdek, Kansas City, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jeff Klusmeier, Asst. Atty. Gen., Jefferson City, for respondent.

Before JAMES M. SMART, JR., P.J., THOMAS H. NEWTON, and RONALD R. HOLLIGER, JJ.

JAMES M. SMART, JR., Judge.

Anthony Robinson appeals the summary judgment entered in favor of the State of Missouri allowing the State to seize up to 90% of his assets, after payment of any child support liens, pursuant to the Missouri Incarceration Reimbursement Act. On appeal, Mr. Robinson argues that the State's petition was barred by the statute of limitations. He also claims the summary judgment was improper as the State is not permitted to seize bonds held jointly by tenancy by the entirety. The judgment is affirmed.

## Facts

Anthony Robinson was sentenced in 1997 to three consecutive terms of thirty years, for a term of ninety years. In 2006, the State of Missouri, through the Attorney General's Office, filed a petition for incarceration reimbursement under the Missouri Incarceration Reimbursement Act (MIRA)[1] against Robinson. The State alleged that Robinson receives regular deposits into his inmate account. The State also alleged that Mr. Robinson possessed savings bonds worth $3,800 in his inmate account.

On September 12, 2006, the Cole County Circuit Court issued a show cause order and *ex parte* order appointing a receiver, ordering Robinson to show cause why judgment should not be entered against him, and setting the initial show cause date of January 22, 2007. Robinson's wife filed a request to intervene on October 12, 2006. Ms. Robinson asserted that Robinson possessed $3,800 in U.S. Savings Bonds that were purchased with her funds and are held in joint ownership. Robinson also filed several documents prior to January 2007, which did not constitute a formal response to the show cause order and have not been included in the legal file.

The State filed a motion for summary judgment and suggestions in support thereof on January 9, 2007, almost two weeks before the show cause date. It alleged that Robinson was sentenced to confinement, that he is an offender, that the State has expended funds for the costs of his care, that he has funds in his inmate account and receives deposits, that he possesses $3,800 in savings bonds, and that he has a child support obligation that would take priority over incarceration reimbursement. The motion for summary judgment made no reference to how the bonds were titled; it stated merely that Robinson "has" them.

Ms. Robinson, who had not been allowed to intervene, filed a request for continuance on January 22, 2007. She sought the continuance to "find a credible attorney for this case" and asserted that the bonds were held jointly in her name. On January 25, 2007, Robinson filed a motion for an "Order Plaintiff to Produce U.S. Savings Bonds/Proof of Misleading Court." He asked the court to order the State to produce the savings bonds so as to prove his claim that they were jointly owned by his wife. On February 2, 2007, the show cause hearing was set for February 26, 2007.[2] On February 23, 2007, Robinson filed a motion to dismiss. He stated that

1. The Missouri Incarceration Reimbursement Act is found at sections 217.825 through 217.841, RSMo 2000. It authorizes the State to seek to secure reimbursement from a current or former offender for the expense of the State for the costs of care incurred while the offender is or was maintained in a state correctional facility.

2. Whether this hearing occurred is not clear from the docket sheet. In any event, the judgment was premised upon the motion for summary judgment and not on evidence presented at a hearing.

but for the savings bonds, the State was unable to "identify" the minimum statutory dollar amount required to initiate the lawsuit.

The court entered summary judgment in favor of the State on March 5, 2007. The court found all facts alleged by the State to be true. The judgment was in favor of the State for the cost of Robinson's care and custody while incarcerated through January 22, 2007, and for the costs incurred after that date. The judgment required child support liens to be paid first, with the surplus, up to 90% of the balance of his inmate account, being paid to the State.

This appeal followed.

## Standard of Review

The standard of review on appeal of summary judgment is *de novo. ITT Commercial Fin. Corp. v. Mid–Am. Marine Supply Corp.,* 854 S.W.2d 371, 376 (Mo. banc 1993). "To be entitled to summary judgment, the movant must demonstrate that: (1) there is no genuine dispute as to the material facts on which he relies for summary judgment; and (2) based on those facts, he is entitled to judgment as a matter of law." *State ex rel. Nixon v. Watson,* 204 S.W.3d 716, 719 (Mo.App. 2006). "Thus, a claimant, to be entitled to summary judgment, must allege undisputed facts establishing each and every element of his claim." *Id.*

## Point I

In his first point on appeal, Robinson claims the trial court erred in granting summary judgment because the action was barred by the statute of limitations. He asserts that the State filed and subsequently dismissed a MIRA suit in 1999. He argues that this was a non-suit, and the State had one year to re-file the suit. Robinson concludes that the State's 2006

action was barred by the savings statute found at section 516.230 as it was more than one year after the voluntary dismissal of the 1999 action.

Robinson repeatedly cites documents from the 1999 MIRA action that were not before the trial court. They will not be considered by this court. *See Schwartz v. Custom Printing Co.,* 926 S.W.2d 490, 495 (Mo.App.1996) ("Because the documents were not considered by the trial court and were not made part of the record, they likewise cannot be introduced into the record on appeal.").

Moreover, Robinson has waived any argument that the State's petition was barred by the statute of limitations. "The bar of the running of the applicable statute of limitations is an affirmative defense, requiring the party asserting it to not only plead it, in accordance with Rule 55.08, but to prove it, as a matter of law." *Townsend v. E. Chem. Waste Sys.,* 234 S.W.3d 452, 462 (Mo.App.2007). "[T]he failure to plead the running of the applicable statute of limitations as a defense in a responsive pleading, waives the defense." *Doyle v. Crane,* 200 S.W.3d 581, 585 (Mo.App.2006). Because Robinson's argument was waived, we need not address the State's argument that the applicable statute of limitations is section 217.831.4.

The point is denied.

## Point II

In his second point on appeal, Robinson claims the trial court erred in granting summary judgment because the State failed to demonstrate that there is no genuine issue of material fact as to the ownership of the bonds. He asserts that the savings bonds are owned by him and his wife jointly by tenancy by the entirety. He concludes that the bonds may not be seized under MIRA. He confuses the issue

of the nature of his ownership of the bonds with the issue of whether the State is entitled to consider him to be possessed of the bonds in his inmate account.

In its petition and motion for summary judgment, the State alleged that Robinson has funds and receives regular deposits in his inmate account. It also alleged he has savings bonds with a current value of $3,800 in the possession of the inmate treasurer. As set forth in the facts section, Robinson and his wife filed documents with the court alleging that the savings bonds were owned jointly by both spouses by tenancy by the entirety and were not subject to seizure. Those documents will be viewed as a response to the motion for summary judgment.

Robinson's point on appeal characterizes the judgment as allowing the State to seize the savings bonds. This appears to be his primary concern. He notes that his wife and children will suffer damage if the bonds are taken by the State. His brief singularly argues that it is error for the State to seize the savings bonds because they are jointly owned. Robinson requests that this court reverse the summary judgment and order a hearing on the issue of whether the bonds are jointly owned or subject to seizure.

In its brief, the State "acknowledges that some, though not all, of the assets in the possession of the inmate treasurer are in his and his wife's name, and that the State cannot execute against assets titled in the name of a husband and wife as tenants by the entireties under Missouri Law." *See Wehrheim v. Brent,* 894 S.W.2d 227, 229 (Mo.App.1995) ("An execution arising from a judgment against one spouse alone cannot affect property held by a husband and wife as tenants by the entireties."). The State further argues that the ownership is not material because the State "does not intend to execute" against savings bonds in the name of Robinson and his wife.

Because there was no dispute as to any material fact, the judgment is affirmed, with the express recognition that assets titled jointly by tenancy by the entirety are not subject to seizure.[3]

In his reply brief, Robinson states in one sentence that he raised a second genuine issue of material fact: that the State failed to prove the minimum statutory amount necessary to initiate the MIRA suit. He cites one sentence in his February 23, 2007, motion to dismiss that the State was unable to "identify" the minimum dollar threshold. He does not explain or otherwise make an argument. This issue is raised for the first time in his reply brief, and it is not one of his points on appeal. Accordingly, it is not addressed. *See State ex rel. Greene County v. Barnett,* 231 S.W.3d 854, 858 (Mo.App.2007) ("In an appeal, the movant has the burden to establish error that warrants relief through adequate points and arguments. This burden shall not be shifted to the appellate court."); *Coyne v. Coyne,* 17 S.W.3d 904, 906 (Mo.App.2000) ("Appellate courts are generally precluded from addressing assertions made for the first time in a reply brief because a respondent has no opportunity to address the argument.").

The point is denied.

## Conclusion

The judgment is affirmed, with recognition that the State may not seize assets

---

**3.** We assume that Robinson has the right to convert the bonds back to cash, but at this point he has not done so.

titled jointly by tenancy by the entirety in the name of Mr. Robinson and his wife.

All concur.