STATE of Missouri, ex rel., Jeremiah W. NIXON, Missouri Attorney General, Appellant,

v.

Christopher GRIFFIN, Respondent.

No. WD 70135.

Missouri Court of Appeals, Western District.

July 14, 2009.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 1, 2009.

---

Paul Harper, Asst. Attorney General, Jefferson, MO, for appellant.

Respondent acting pro se.

Before THOMAS H. NEWTON, C.J., P.J., JAMES M. SMART, JR., and VICTOR C. HOWARD, JJ.

JAMES M. SMART, JR., Judge.

The State of Missouri, through the Attorney General, appeals the judgment of the trial court dismissing its petition filed against Christopher Griffin pursuant to the Missouri Incarceration Reimbursement Act. The trial court determined that the Attorney General failed to establish that good cause to file the petition existed at the time of filing. The judgment is reversed and the case is remanded.

### Facts

Mr. Griffin is an inmate who has been incarcerated in the Missouri Department of Corrections since 2000. On December 4, 2007, the State, through the Attorney General, filed a petition seeking reimbursement from Mr. Griffin for the cost of his incarceration, pursuant to the Missouri Incarceration Reimbursement Act ("MIRA").[1] The petition asserted that

---

1. The Missouri Incarceration Reimbursement Act is set forth at section 217.825 through 217.841, RSMo 2000. It authorizes the State to seek reimbursement from an offender for

Mr. Griffin had assets through his status as an heir to the estate of Bobby W. Griffin. Attached to the motion was a CaseNet printout listing Mr. Griffin as an heir. The document provided no further information as to the size of the estate, anticipated expenses, or other matters.

The trial court issued a show cause order and *ex parte* order appointing a receiver. Thereafter, Mr. Griffin filed an Answer and a response to the Attorney General's requests for admissions under Rule 59.01. Mr. Griffin asserted that he would receive nothing from the estate. A hearing was scheduled for August 19, 2008. At the hearing, the Attorney General presented a certified copy of the final settlement from the estate, received that same month, showing that Mr. Griffin was the recipient of a distribution from the estate that would exceed the minimum statutory amount required for the application of MIRA.

The trial court entered judgment dismissing the petition. In its judgment, the trial court noted that while the Attorney General established that Mr. Griffin had sufficient assets to allow the State to recover the statutory minimum, the issue was whether the Attorney General had good cause to file its petition *as of the date of filing*, or December 4, 2007, stating:

> At the time of filing, [the Attorney General] knew only that [Mr. Griffin] was listed as an heir of the Estate of Bobby Wallis Griffin. [The Attorney General] presented no evidence that it had made any other or further investigation or had any other information at the time of filing. The Court finds as a matter of law that the fact that someone is listed as an heir to the estate of a decedent alone does not establish "good cause" to

the State's expense in the costs of care incurred while the offender is maintained in a

believe that such an heir will inherit money from the estate and certainly [not] enough money to meet the ten percent threshold. (Emphasis added.)

Accordingly, the trial court dismissed the Petition. The State appeals.

## Standard of Review

"Our review of the trial court's judgment is governed by the standard of review established in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976)." *State ex rel. Nixon v. Jones*, 108 S.W.3d 187, 190 (Mo.App.2003). Accordingly, "[w]e must affirm the judgment of the trial court unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law." *Id.* We review questions of law *de novo*. *State ex rel. Nixon v. Smith*, 254 S.W.3d 66, 68 (Mo.App.2008).

## Jurisdiction

The Attorney General contends that the dismissal of its petition was contrary to law. We first address the issue of appealability. Mr. Griffin filed no respondent's brief in this case; thus, no party raises the issue of whether the trial court's judgment may be appealed. However, the finality of a judgment is a prerequisite to appealability, and we have a duty to determine jurisdiction *sua sponte*. See, e.g., *State ex rel. Mo. Gas Energy v. Pub. Serv. Comm'n*, 50 S.W.3d 801, 803 (Mo.App. 2001). In this case, the judgment granting the motion to dismiss was a dismissal without prejudice. It was not a final, appealable judgment because the Attorney General is capable of curing the deficiencies in the petition by re-filing it in the same court. Under such circumstances, the is-

state correctional facility.

sue raised in this appeal would be rendered moot. "A case is moot if the decision would have 'no practical effect upon an existent controversy.'" *State ex rel. AG Processing, Inc. v. Pub. Serv. Comm'n,* 276 S.W.3d 303, 306 (Mo.App.2008) (citation omitted). "When an event occurs that makes a court's decision unnecessary or makes it impossible for the court to grant effectual relief, the case is moot and generally should be dismissed." *Id.* An exception to the mootness doctrine allows this court, in exercise of its discretion, to review a matter "[w]here the issue raised is one of general public interest and importance, recurring in nature, and will otherwise evade appellate review unless the court exercises its discretionary jurisdiction." *Id.*(citation omitted). The present case involves an issue that is one of general public interest that is subject to repetition while evading review: the issue of whether a circuit court can dismiss the action because the Attorney General did not show that he had "good cause" at the time of the filing of the petition, even though, by the time of the "good cause" hearing, it is evident that good cause for proceeding exists. The Attorney General is capable of re-filing the MIRA petition against Mr. Griffin. But if the case were re-filed rather than appealed, this particular issue would evade judicial review. Therefore, we elect to grant review under the "capable of repetition, yet evading review" exception. *Id.* at 307.

### Analysis

The Attorney General argues in both points that the trial court erred in dismissing the petition for lack of good cause to proceed under MIRA against Mr. Griffin. In Point I, the Attorney General argues that the trial court erred in determining that there was not good cause at the time of filing the petition. In Point II, the Attorney General argues that the trial

court erred because the Attorney General showed at the hearing that sufficient assets existed to proceed. Because the analysis of these two points will overlap, the two are addressed together.

■ The procedure that the Attorney General follows regarding a petition for reimbursement is set forth at section 217.831. Pursuant to this section, the Attorney General receives a report on an offender containing a completed asset disclosure form, together with all other information available on the offender's assets, and an estimate of the total cost of care for that offender. Section 217.831.1; *see also* section 217.829. The Attorney General, "may investigate or cause to be investigated" such report, including "seeking information from any source that may have relevant information concerning an offender's assets." Section 217.831.2. Upon completing the investigation, the Attorney General may file a petition seeking reimbursement against an offender if the Attorney General has

> good cause to believe that an offender ... has sufficient assets to recover not less than ten percent of the estimated cost of care of the offender or ten percent of the estimated cost of care of the offender for two years, whichever is less, or has a stream of income sufficient to pay such amounts within a five-year period....

Section 217.831.3. The good cause provision is a condition precedent that the Attorney General must satisfy before filing the petition. *State ex rel. Nixon v. Peterson,* 253 S.W.3d 77, 83 (Mo. banc 2008) (*citing State ex rel. Nixon v. Koonce,* 173 S.W.3d 277, 283–85 (Mo.App.2005)). If the condition is not met, the Attorney General is without authority to proceed in seeking reimbursement. *Id.*

The court in *Peterson* stated, however, that the good cause requirement "is not [intended] to provide a defense for offenders to a petition for reimbursement, but is intended as a cost-effective limitation on the Attorney General's authority." *Id.* The court went on to state, "[n]evertheless, offenders can challenge the attorney general's finding of good cause and the trial court may review the sufficiency of the evidence to determine whether this requirement is satisfied." *Id.* (*citing State ex rel. Nixon v. Houston,* 249 S.W.3d 210, 211–13 (Mo.App.2008)). "If the offender raises a factual issue as to the existence of sufficient assets, [he] is entitled to an evidentiary hearing on whether or not good cause exists." *Id.* at 83–84.

In the present case, in his response to the request for admissions, Mr. Griffin clearly expressed a challenge based on the good cause requirement, asserting that he would receive nothing from the Bobby Griffin estate. The Attorney General asserts that the challenge to good cause is an affirmative defense that Mr. Griffin failed to prove. We fail to see that the good cause issue is an "affirmative defense" in the usual sense of that term. Good cause is a condition precedent. A condition precedent is not exactly the same thing as an affirmative defense. It is similar to an affirmative defense in that the offender can raise an issue as to the good cause requirement. But it differs from an affirmative defense in that, if the issue is raised, the trial court will require the *Attorney General* to demonstrate that "good cause exists" (as opposed to requiring the defendant to show that good cause does not exist). *See id.* at 84.

■■ Here, Mr. Griffin raised a factual issue as to the existence of good cause, and while he did not file a formal motion to dismiss, the trial court viewed Mr. Griffin's comments in responding to discovery as "rais[ing] a factual issue as to the existence of sufficient assets." Once the issue is raised, "the offender is entitled to an evidentiary hearing." *Id.* Accordingly, the trial court in this case held a hearing.[2] Following the hearing, the trial court determined that the condition precedent of good cause was not met because the Attorney General presented no evidence that he possessed any information at the time of filing beyond the fact that Mr. Griffin was listed as an heir to the estate. Therefore, the trial court dismissed the action.

In his brief on appeal, the Attorney General refers to the estate in question as being "an estate with significant assets," but nowhere does the petition state the facts that formed the basis for such a belief. Similarly, at the good cause hearing, the Attorney General presented no evidence as to what was known at the time of the filing of the petition. The trial court could reasonably have found that the Attorney General presented insufficient evidence to demonstrate a reasonable and good faith belief, based on facts reasonably available to him *at the time of filing* the petition, that Mr. Griffin had sufficient assets, given that the only information the Attorney General showed that he had was Mr. Griffin's listing as an heir.

2. The docket sheet in this case reflects that the trial court may have scheduled the hearing as both a "show cause" and "good cause" hearing. In a show cause hearing, the offender is required to show cause why the trial court should not grant the relief requested in the petition and enter judgment against him. On the other hand, in a good cause hearing, the Attorney General is required to demonstrate that good cause existed so as to authorize filing of the petition. *See State ex rel. Nixon v. Houston,* 249 S.W.3d at 214. In this case, the two issues entirely overlapped.

However, that fact neither ends the analysis in this case nor justifies the dismissal. The record shows that the Attorney General established that Griffin possessed sufficient assets *as of the date of the hearing.* The court stated in *Peterson:* "If the offender raises a factual issue as to the existence of sufficient assets, the offender is entitled to an evidentiary hearing on whether or not good cause *exists.*" *Id.* at 83–84 (emphasis added). We cannot help but notice the Court's use of the present tense in the word "exists" as applied to the good cause determination. *Id.* at 84. It is reasonable to assume that the Court intentionally used the present tense of the verb, rather than speaking of whether the Attorney General showed that probable cause existed (past tense) at the time of the filing of the petition. Here, the Attorney General showed at the time of the hearing that the *continuation* of the proceeding *was* warranted (though barely) because Mr. Griffin was receiving sufficient assets as an inheritance. Accordingly, we hold that the trial court's dismissal of the State's petition was erroneous.

### Conclusion

The judgment is reversed and the case is remanded for further proceedings.

All concur.