Gary F. VINCEL, Plaintiff-Appellant,

v.

Ann Burford VINCEL, Defendant-Respondent.

No. 33263.

St. Louis Court of Appeals.

Missouri.

March 18, 1969.

John T. Sluggett, III, Clayton, for plaintiff-appellant.

Ziercher, Tzinberg, Human & Michenfelder, Albert A. Michenfelder, Jr., J. William Newbold, Clayton, for defendant-respondent.

SMITH, Commissioner.

This matter reaches us on appeal from the action of the Circuit Court in denying the motion of appellant to quash an execution for unpaid child support issued under a judgment entered in 1963.

We affirm.

The issue presented is whether the use of perjured testimony going to the merits of the case forms a basis for setting aside the judgment, when raised for the first time in a motion to quash execution.

Plaintiff-Appellant (hereinafter plaintiff) commenced the original divorce action in April, 1963, charging general indignities. Defendant-Respondent (hereinafter defendant) filed a general denial and cross-bill also charging general indignities. On September 11, 1963, plaintiff dismissed his petition, evidence was adduced upon de-

fendant's cross-bill, the Court found defendant to be the injured and innocent party, and awarded her a divorce, custody of the two-year-old minor child of the parties, and child support in the amount of $250.00 per month. Plaintiff was represented by counsel at the hearing on September 11. No appeal was taken from the judgment.

In November 1967, defendant filed her affidavit of unpaid child support in the amount of $9,625.00, and requested execution, which duly issued to the Sheriff of St. Louis County. On December 2, plaintiff filed his motion to quash. The supportive grounds for the motion were:

"That the original judgment was obtained as a result of perjured testimony and that the defendant at the time she obtained the decree of divorce in said cause knowingly, willfully and deliberately worked and perpetrated a fraud on this Court.

"That at said time the defendant was with child by a man other than the plaintiff herein, and willfully, wrongfully, intentionally and deliberately enticed plaintiff into signing and execution (sic) the stipulation which was the basis of the decree and the alleged arrearages that forms the foundation and basis of this execution." [1]

The Circuit Court, accepting as true the facts above, for purposes of ruling on the motion, denied it. Plaintiff sought rehearing or new trial setting forth again the contentions that the judgment was obtained by fraud and perjured testimony. These motions were denied by the Court and timely appeal taken here.

There is no claim that the Court rendering the 1963 judgment lacked jurisdiction over the subject matter or over the persons involved. No claim is made that such jurisdiction was obtained improperly or fraudulently or as a result of misconduct. The record shows a judgment proper on its face by a Court having jurisdiction.

The sole ground for the motion to quash is that at the time defendant testified in support of her cross-bill she knew she was pregnant by a man other than plaintiff, and that she intentionally failed to so advise the Court. It is contended that had such information been disclosed, no judgment could have been rendered for defendant. Defendant has not conceded the truth of these allegations, but the Court accepted them as true for purposes of ruling the motion to quash, as we do.

It is clear that in this State a judgment by a Court, having jurisdiction, may not be attacked collaterally because of perjured testimony going to the merits of the case. As stated in Crain v. Crain, Mo. App., 205 S.W.2d 897: "From all of the foregoing it is obvious that the settled doctrine in this state is that in a divorce proceeding where the defendant is legally served with process, answers, appears at the trial, and is not deprived of any right of defense to the case, equity will not interfere with the judgment on the merits unless there was fraud in the procurement of the judgment *extrinsic or collateral to the matters tried upon which the judgment was rendered.*" (l. c. 900–901). See also Winchell et al. v. Gaskill et al., 354 Mo. 593, 190 S.W.2d 266 [6]; Edson v. Fahy et al., Mo.Sup. 330 S.W.2d 854 [4].

The alleged perjury here goes solely to the matters tried and furnishes no basis for declaring the judgment void. The motion to quash raises only matters intrinsic to the judgment.

Plaintiff in oral argument, seemed to concede the validity of the 1963 judgment, but asserted that the execution should be invalidated as punishment to defendant for having perjured herself. The motion for rehearing, or in the alternative a new trial, also suggests this approach. We are cited to no authority which supports this

1. The 1963 judgment does not refer to any stipulation, the record before us does not contain any such stipulation, and the execution here involved purports to apply only to child support provided in the 1963 judgment. We are not called upon to consider the validity of the alleged stipulation.

novel approach. As stated in McDougal v. McDougal, Mo.App., 279 S.W.2d 731: "A motion to quash an execution for alleged invalidity of the judgment on which it is based constitutes a collateral attack on the judgment * * * and will lie only where the record affirmatively discloses that the judgment is void * * *." (l. c. 740). See also Crain v. Crain, supra, [4].

The motion to quash fails to set forth any basis in fact or law upon which it could be granted and was properly denied.

The judgment is affirmed.

PER CURIAM:

The foregoing opinion by SMITH, C., is adopted as the opinion of this Court. Accordingly, the judgment is affirmed.

WOLFE, Acting P. J., and DOUGLAS W. GREENE, Special Judge, concur.