**Katherine Michelle Theresa FRANKEN, Appellant,**

v.

**Gary Jason FRANKEN, Respondent.**

**No. WD 65620.**

Missouri Court of Appeals, Western District.

May 23, 2006.

Samuel Edward Trapp & William P. Nacy, Jefferson City, for Appellant.

Clifford W. Cornell, Jefferson City, for Respondent.

PAUL M. SPINDEN, Judge.

Katherine Franken appeals the circuit court's third judgment in this dissolution of marriage case. Twice, the circuit court set aside its judgment on the ground that it had improperly divided payments from an annuity that Franken's former husband, Gary, had purchased two years before the couple married. This dispute centers on a marital settlement agreement, signed by the couple, that divided the annuity payments equally.

At a pre-dissolution hearing before the circuit court, Gary Franken testified concerning the settlement agreement:

Q. You entered into the marital settlement agreement as well?

A. Yes.

. . . .

Q. And you feel that that adequately and fairly distributes your marital property?

A. Yes.

Q. I would like to call attention to one item, and that's the annuity payment that you receive each five years due to an auto accident, I believe—

A. Uh-huh.

Q. —that you were involved in many years ago. Is it your intent to divide that equally between the two of you as it comes up?

A. Yes.

Q. And you've agreed to this as part of that settlement?

A. Yes.

. . . .

Q. You had an opportunity to review this agreement with an attorney; is that correct?

A. Yes, I did.

Q. And you don't at this time want to withdraw your agreement?

A. No, I don't.

The circuit court ruled that the settlement agreement was not unconscionable and incorporated its provisions into the court's judgment dissolving the marriage on January 23, 2003. During June 2004, the circuit court entered a qualified domestic relations order (QDRO) directing division of the annuity in accordance with the parties' settlement agreement.

Gary Franken later asked the circuit court to set aside its judgment pursuant to Rule 74.06 and to set aside the QDRO. He argued that the judgment was void because the annuity was non-marital property and that the circuit court lacked jurisdiction to distribute non-marital property. He also argued that the annuity contained a non-assignment clause; therefore, it could not be divided with Katherine Franken.[1] During a hearing on the motions, Gary Franken testified that he had signed the settlement agreement to "get away from" Katherine Franken.

After the hearing, the circuit court set aside its judgment and quashed the QDRO. The circuit court ruled that the annuity was Gary Franken's separate, non-marital property, but it did not mention the parties' settlement agreement.

Katherine Franken then moved to set aside this order. After another hearing, the circuit court again reversed course and set aside its judgment for a second time. After a hearing on the division of property, the circuit court ruled that, although Gary Franken was not threatened or forced to sign the settlement agreement, the agreement was unconscionable because it dis-

1. We do not know what the annuity agreement's provisions said. The agreement does not appear in the record on appeal and ap-  parently was not presented to the circuit court.

tributed non-marital property as marital property and omitted reference to specific debts and items of personal property. The circuit court then distributed the parties' property according to Section 452.330, RSMo 2000.

In appealing this ruling, Katherine Franken argues that the circuit court lacked jurisdiction to set aside its judgment under Rule 74.06 because the 2003 judgment was not void.[2] We agree.

Litigants can request relief from a void judgment pursuant to Rule 74.06(b) at "any time." *Taylor v. Taylor,* 47 S.W.3d 377, 389 (Mo.App.2001). "A judgment is 'void' under Rule 74.06 only if the court that rendered it lacked jurisdiction of the parties or the subject matter or acted in a manner inconsistent with due process of law." *Baxi v. United Technologies Automotive Corporation,* 122 S.W.3d 92, 96 (Mo.App.2003). Hence, the circuit court could set aside its January 2003 judgment only if, when it entered the judgment, it lacked personal or subject matter jurisdiction or acted in such a way as to deprive the movant of due process. Gary Franken challenged the 2003 judgment but did not establish that any of these conditions had been satisfied; therefore, the circuit court erred in setting aside the January 2003 judgment.

Gary Franken argued that the 2003 judgment was void because the circuit court had no jurisdiction to characterize the annuity as marital property. He relied on Section 452.330.1, RSMo 2000, which mandates that the circuit court "set apart to each spouse such spouse's nonmarital property." He overlooks, however, Section 452.325, RSMo 2000, which requires

circuit courts to honor parties' written agreements regarding property division. *Henning v. Henning,* 72 S.W.3d 241, 250 (Mo.App.2002). Furthermore, Franken did not appeal the circuit court's 2003 finding that the settlement agreement was not unconscionable. Rule 81.04(a).

Regardless, the circuit court did not abuse its discretion in holding that the parties' agreement was not unconscionable. The circuit court, therefore, had authority and, indeed, was obligated pursuant to Section 425.325.2 to distribute the annuity according to the parties' agreement. Because the circuit court did not lack jurisdiction to enter its January 23, 2003, judgment, it erred in setting aside the judgment a second time and entering a new judgment.

We, therefore, reverse the circuit court's latest judgment. We remand with instructions that it reinstate and enforce its judgment of January 23, 2003.

EDWIN H. SMITH, Chief Judge, and PATRICIA A. BRECKENRIDGE, Judge, concur.

---

2. Under Rule 74.06, the circuit court loses jurisdiction to set aside its judgment after one year unless the judgment is void or "has been satisfied, released, or discharged, or a prior

judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment remain in force."