STATE ex rel. Chris KOSTER, Attorney General, Respondent,

v.

William E. WALLS, Appellant.

No. WD 70845.

Missouri Court of Appeals, Western District.

May 18, 2010.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 29, 2010.

---

William E. Walls, Licking, pro se.

Laura E. Elsbury, Esq., Jefferson City, MO, for respondent.

Before: LISA WHITE HARDWICK, P.J., and JAMES M. SMART, JR. and ALOK AHUJA, JJ.

ALOK AHUJA, Judge.

Appellant William E. Walls is currently incarcerated in the Department of Corrections. On February 3, 2004, the State filed a petition against Walls in the Circuit Court of Cole County, seeking reimbursement for the costs of his incarceration pursuant to the Missouri Incarceration Reimbursement Act, §§ 217.825 to 217.841, RSMo ("MIRA"). (Speaking generally, MIRA authorizes the State to seek reimbursement from a current or former inmate for all or part of the costs associated with the inmate's incarceration in a state correctional facility.) On June 29, 2004, the circuit court granted summary judgment in the State's favor. Walls appealed to this Court. We affirmed in a summary order pursuant to Rule 84.16(b). *State ex rel. Nixon v. Walls,* 167 S.W.3d 809 (Mo. App. W.D.2005).

On January 15, 2009, Walls filed a motion to set aside the circuit court's June 29, 2004 judgment under Supreme Court Rule 74.06(b), arguing that the judgment was "void." The trial court denied the motion on January 26, 2009. Walls appeals. We affirm.

### Analysis

■ Walls argues that the 2004 judgment was void "in that the court that rendered the judgment lacked jurisdiction of the parties, or the subject matter, or acted in a manner inconsistent with due process of law ... because the Attorney General did not have good cause to believe that the reimbursement action would yield a certain recovery."

■ Walls moved to set aside the circuit court's 2004 judgment pursuant to Rule 74.06(b)(4), which provides in relevant part that "the court may relieve a party ... from a final judgment or order ... [if] the judgment is void."[1]

Litigants can request relief from a void judgment pursuant to Rule 74.06(b) at any time. A judgment is "void" under Rule 74.06 only if the court that rendered it lacked jurisdiction of the parties or the subject matter or acted in a manner inconsistent with due process of law. Hence, the circuit court could set aside its [prior] judgment only if, when it entered the judgment, it lacked personal or subject matter jurisdiction or acted in such a way as to deprive the movant of due process.

*Franken v. Franken,* 191 S.W.3d 700, 702 (Mo.App. W.D.2006) (citations and internal quotation marks omitted). "The concept of a 'void' judgment is ... narrowly restricted"; in particular, "[a] judgment is not void simply because it is erroneous, or based on precedent later determined to be incorrect or unconstitutional." *Baxi v. United Techs. Auto. Corp.,* 122 S.W.3d 92, 95–96 (Mo.App. E.D.2003).

Here, Walls argues that the circuit court lacked jurisdiction "because the attorney general, as a condition precedent to the filing of the reimbursement petition, did not have good cause to file the petition, in accordance with § 217.831.3."

The procedure that the Attorney General follows regarding a petition for reimbursement is set forth at section 217.831. Pursuant to this section, the Attorney General receives a report on an offender containing a completed asset disclosure form, together with all other information available on the offender's assets, and an estimate of the total cost of care for that offender. Section 217.831.1; see also section 217.829. The Attorney General, "may investigate or

---

1. Walls does not argue that he is entitled to relief based on any of the other grounds for setting aside a judgment listed in Rule 74.06(b).

cause to be investigated" such report, including "seeking information from any source that may have relevant information concerning an offender's assets." Section 217.831.2. Upon completing the investigation, the Attorney General may file a petition seeking reimbursement against an offender if the Attorney General has

> "good cause to believe that an offender ... has sufficient assets to recover not less than ten percent of the estimated cost of care of the offender or ten percent of the estimated cost of care of the offender for two years, whichever is less, or has a stream of income sufficient to pay such amounts within a five-year period...."

Section 217.831.3. The good cause provision is a condition precedent that the Attorney General must satisfy before filing the petition. If the condition is not met, the Attorney General is without authority to proceed in seeking reimbursement.

*State ex rel. Nixon v. Griffin*, 291 S.W.3d 817, 820 (Mo.App. W.D.2009) (other citations omitted).

In *State ex rel. Nixon v. Peterson*, 253 S.W.3d 77 (Mo. banc 2008), the Supreme Court explained that

> The purpose of this [good cause] requirement is not to provide a defense for offenders to a petition for reimbursement, but is intended as a cost-effective limitation on the attorney general's authority [to file a MIRA action].... If the offender raises a factual issue as to the existence of sufficient assets, the offender is entitled to an evidentiary hearing on whether or not good cause exists.

*Id.* at 83–84 (citations omitted); *see also, e.g., State ex rel. Nixon v. Hughes*, 281 S.W.3d 902, 907–08, 910–12 (Mo.App. W.D. 2009); *State ex rel. Nixon v. Smith*, 280 S.W.3d 761, 766–69 (Mo.App. W.D.2009);

*State ex rel. Nixon v. Houston*, 249 S.W.3d 210, 212 (Mo.App. W.D.2008). Because § 217.831.3 specifies only a "condition precedent" to the State's filing of a reimbursement action, "the State does not have to plead and prove good cause to recover." *Houston*, 249 S.W.3d at 214; *State ex rel. Nixon v. Koonce*, 173 S.W.3d 277, 284–85 (Mo.App. W.D.2005). Instead, the issue need only be resolved if the defendant challenges the existence of good cause; once the issue is raised, the burden falls on the State to establish that good cause in fact exists. *See Griffin*, 291 S.W.3d at 821; *Smith*, 280 S.W.3d at 766.

Thus, if Walls had raised the "good cause" issue prior to the entry of the 2004 judgment, the issue could have been litigated and decided by the trial court. But Walls' failure to raise the "good cause" issue prior to the entry of the 2004 judgment does not present the sort of "jurisdictional" defect or due process violation which could justify reopening the proceedings more than four years later. Indeed, in *Peterson* the Supreme Court expressly held that the existence of "good cause" was *not* a jurisdictional prerequisite to the grant of relief on a MIRA petition: "Although the Court agrees with [*Houston's*] conclusion that an offender may challenge the attorney general's finding of good cause, the Court rejects the assertion that this challenge is related to the jurisdiction of the court to hear the case. Rather, it is a condition precedent which must be met for the attorney general to proceed with the action." 253 S.W.3d at 83–84 n. 6.

Walls suggests that *Peterson* and *Houston* represented a change in the law, and that he should therefore be excused from his failure to challenge whether "good cause" existed under § 217.831.3 prior to the entry of the 2004 judgment. Even assuming that a change in the law could justify Rule 74.06(b) relief, however, § 217.831.3 has existed in its current form

since 1995. Moreover, at least one inmate who was a defendant in a MIRA case at the same time as Walls challenged the existence of "good cause," including on appeal to this Court. *Koonce*, 173 S.W.3d 277. Walls essentially acknowledges that the law on which his current arguments are based existed at the time of the 2004 judgment, since he argues in his Reply Brief that he "is not seeking any retroactive application of any MIRA case decided after his"; instead, Walls argues that "the MIRA cases decided after the 2004 judgment in this case only made appellant more determined to have the 2004 judgment voided." While *Peterson, Houston*, and other post–2004 decisions may have clarified the specific manner in which a challenge to the existence of "good cause" should be raised and resolved, they did not "change the law" in existence at the time the judgment against Walls was entered.

■ Walls' briefing also suggests that the 2004 judgment was entered in a manner that deprived him of due process. However, we note that Walls in fact fully participated in the 2004 litigation, filing numerous papers in the circuit court prior to its entry of judgment, and prosecuting an appeal to this Court. Walls contends that his appeal "was denied on or about January, 2005, for failure to timely prosecute the appeal after prison officials interfered with the process." However, this was not the basis of this Court's ultimate disposition of Walls' appeal. While we issued a dismissal order in Walls' appeal on January 6, 2005, based on his failure to prosecute, we later granted Walls' motion to reconsider, reinstated his appeal, and granted him leave to file an amended brief. Walls' appeal was then decided on the merits on August 2, 2005. 167 S.W.3d 809.

In these circumstances, Walls has simply failed to establish circumstances which would justify reopening a judgment more than four years after its entry. Walls'

belief that the judgment entered against him in 2004 is inconsistent with § 217.831.3's "good cause" requirement is not the sort of defect Rule 74.06(b) is intended to rectify. We rejected a similar claim in *Love v. Board of Police Commissioners*, 943 S.W.2d 862 (Mo.App. E.D. 1997), where a litigant contended that an earlier judgment was entered due to the prevailing party having "urged upon the court an erroneous limitation period." *Id.* at 863. The Eastern District made clear that this sort of alleged legal error could not justify belated relief from a final judgment:

Rule 74.06 is not intended as an alternative to a timely appeal. Relief from a trial court judgment, which may have been available by appeal, is not necessarily available by a Rule 74.06 proceeding. . . .

. . . [The grounds asserted to justify setting aside the judgment] involve an alleged misinterpretation or misapplication of the law by the court. Rule 74.06 is not directed to mistakes of law. Those "mistakes" are to be corrected on direct appeal. . . . A party acting *pro se* is bound by the same rules and procedures as other litigants and receives no "indulgence" for failing to retain counsel. Love's status as a layman does not support a claim of "surprise" concerning the status of the law. The court was not justified in setting aside the judgment under the circumstances here.

*Id.* (citations omitted).

### Conclusion

The circuit court's denial of Walls' motion to set aside the 2004 judgment is affirmed.

All concur.