FORSYTH FINANCIAL GROUP, LLC, Assignee of First National Bank of Omaha (Visa/Mastercard), Respondent,

v.

Nick HAYES, Appellant.

No. WD 72785.

Missouri Court of Appeals, Western District.

Aug. 23, 2011.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 4, 2011.

Application for Transfer Denied Dec. 6, 2011.

Brue B. Brown, Kearney, MO, for appellant.

William F. Whealen, Jr., St. Louis, MO, for respondent.

Before Division Four: LISA WHITE HARDWICK, Chief Judge, JAMES M. SMART, Judge, and GREGORY GILLIS, Special Judge.

LISA WHITE HARDWICK, Chief Judge.

Nick Hayes appeals the denial of his motion to set aside a default judgment pursuant to Rule 74.06(b). Hayes contends the default judgment was void and, therefore, the motion court erred in failing to grant relief. For reasons explained herein, we find no error and affirm the denial of the motion to set aside the judgment.

### FACTUAL AND PROCEDURAL HISTORY

On November 28, 2005, Forsyth Financial Group, LLC ("FFG") filed a Petition for Breach of Contract against Hayes in the Circuit Court of Clay County. The petition alleged that FFG, as the "assignee of First National Bank of Omaha (Visa/MasterCard)," advanced funds to Hayes pursuant to a credit cardholder agreement. The petition sought a judgment against Hayes for a principal balance of $1,963.78 on the credit card, attorneys' fees, and "interest due at the contract rate up to and after judgment." Attached to the petition was the first page of a document entitled "First National Bank of Marin . . . Visa/MasterCard Cardholder Agreement."

The circuit court's docket sheet lists a "return of service filed showing service on Nick Hayes on 12/02/2005 by leaving summons with Karen Vice." The summons set a court date of December 21, 2005. Hayes did not answer the petition or appear at the court hearing. FFG presented evidence and took a default judgment against Hayes. The court awarded FFG $1,963.78 in compensatory damages, $811.85 in prejudgment interest, and $294.56 in attor-

neys' fees. The court also granted post judgment interest at the "contract rate of 23.990%."

Four years later, on March 12, 2010, FFG initiated a garnishment proceeding against Hayes' employer. On April 10, 2010, Hayes filed a "Motion to Set Aside Judgment and to Quash Garnishment and to Dismiss Petition." Pursuant to Rule 74.06(b),[1] the motion alleged the default judgment was void because FFG, as an assignee of First National Bank of Omaha, was not a party to the cardholder agreement attached to the petition, which was an agreement with First National Bank of Marin. The motion further alleged the award of interest and attorneys' fees was void because there was no contractual or statutory authority for granting such relief.

The motion court heard arguments and then denied Hayes's motion on July 16, 2010. Hayes appeals the denial of his motion to set aside the default judgment.

### ANALYSIS

Hayes contends the motion court erred in denying relief under Rule 74.06(b) because the default judgment was void for two reasons: (1) FFG either did not have standing or failed to state a claim for breach of contract as an assignee of First National Bank of Omaha; and (2) there was no contractual authority for an award of attorneys' fees or interest in excess of the statutory rate of 9%.

Generally, we review the denial of a motion to set aside a default judgment under Rule 74.06(b) for an abuse of discretion. *In re Marriage of Hendrix*, 183 S.W.3d 582, 587 (Mo. Banc 2006). However, whether a judgment should be vacated as void is a question of law that we review *de novo*, giving no deference to the trial court's determination. *O'Hare v. Permenter*, 113 S.W.3d 287, 289 (Mo.App.2003).

Rule 74.06(b)(4) provides that a "court may relieve a party or his legal representative from a final judgment or order ... [if] the judgment is void." A judgment is "void" under this rule only if the court that rendered it lacked personal or subject matter jurisdiction or acted in a manner inconsistent with due process of law. *State ex rel. Koster v. Walls*, 313 S.W.3d 143, 145 (Mo.App.2010). "Litigants can request relief from a void judgment pursuant to Rule 74.06(b) at any time." *Id.* (quoting *Franken v. Franken*, 191 S.W.3d 700, 702 (Mo.App.2006)).

Hayes concedes that the default judgment in this case was entered by a court that had both personal[2] and subject matter jurisdiction. His argument on appeal focuses solely on whether the default judgment is void because the court acted in a manner inconsistent with due process.

The concept of a void judgment is "narrowly restricted" under Rule 74.06. *Baxi v. United Technologies Automotive*, 122 S.W.3d 92, 95 (Mo.App.2003). This restriction is necessary to protect the strong public policy interest in the finality of judgments. See *Platt v. Platt*, 815 S.W.2d 82, 84 (Mo.App.1991). A judgment is not void merely because it is erroneous.

---

1. All rule citations are to Missouri Rules of Civil Procedure (2011) unless otherwise noted.

2. As noted, the circuit court docket sheet confirms that Nick Hayes was served with FFG's petition and a summons on December 2, 2005. Service was obtained "by leaving [the] summons with Karen Vice." We find nothing in the record or the briefs to explain the relationship between Karen Vice and Hayes. However, Hayes does not contest that he was properly served or that the manner of service was sufficient to establish personal jurisdiction.

*Baxi,* 122 S.W.3d at 96. In cases where personal and subject matter jurisdiction are established, a judgment should not be set aside unless the court "acted in such a way as to deprive the *movant* of due process." *Walls,* 313 S.W.3d at 145 (quoting *Franken,* 191 S.W.3d at 702) (emphasis added). Thus, judgments have been declared void for lack of due process when litigants have been denied notice of critical proceedings or were subject to involuntary waiver of claims. *Kerth v. Polestar Entm't,* 325 S.W.3d 373, 389 (Mo.App.2010) (judgment void because defendants were not given notice of trial setting); *Taylor v. Taylor,* 47 S.W.3d 377, 389–90 (Mo.App. 2001) (Judgment terminating parental rights was void because statutory procedures were not followed and result of proceeding was involuntary waiver of father's inheritance rights); *In re Pittsenbarger,* 136 S.W.3d 558, 564–65 (Mo.App.2004) (judgment "was void as a violation of due process" because there was no trial on the issue of a valid spousal waiver of election against estate); *Simmons v. Megerman,* 742 S.W.2d 202, 206 (Mo.App.1987) (contempt judgment void for lack of notice on hearing and the specific acts charged). These due process concerns typically do not arise in cases of default judgment, where the defendant received proper notice of the proceedings and waived rights as a result of his own failure to appear.

■ In this case, Hayes argues the default judgment is void because FFG's petition "failed to state a cause of action for breach of a written contract." The petition alleged that FFG was the assignee of First National Bank of Omaha on a Visa/Mastercard "cardholder agreement," but the written agreement attached to the petition identified a different bank—First National Bank of Marin—as a party thereto. Hayes contends the petition failed to "allege any facts establishing a legal rela-

tionship between [FFG] or First National Bank of Omaha and First National Bank of Marin as successor, assignee, or otherwise in privity." Based on these alleged omissions and discrepancies, Hayes asserts FFG lacked standing to pursue the breach of contract claim.

The essence of Hayes' argument is that the circuit court legally erred in allowing FFG to proceed on a deficient pleading. However, this pleading deficiency does not indicate a violation of Hayes's constitutional right of due process. It is undisputed that Hayes was served with notice of the petition and that he failed to answer or appear. In light of this default, the court followed the procedures of Rule 74.05(a) and granted judgment as requested by FFG. The court did not proceed in a manner that resulted in an involuntary waiver of Hayes' right to defend against the breach of contract claim. Whether or not the judgment is erroneous, Hayes has failed to demonstrate that the court took any action inconsistent with his guarantee of due process. Under these circumstances, the default judgment is not void pursuant to Rule 74.06(b)(4).

■ Hayes also argues that the judgment is void because the Visa/Mastercard cardholder agreement did not authorize the award of attorneys' fees or an award of interest in excess of the 9% rate permitted by Section 408.020, RSMo 2000, for written contracts. Again, Hayes asserts the judgment is erroneous, but he has failed to demonstrate that he lacked notice or that the court's action resulted in an involuntary waiver of his rights or claims. Before entering the default judgment, the court heard evidence in order to determine the amount of compensatory damages, attorneys' fees, and interest due. Hayes had the opportunity to object but waived his right to do so by failing to answer the petition or otherwise appear. The court did

not take any action to deprive Hayes of due process. Accordingly, there is no basis for declaring the default judgment void under the narrowly restricted purview of Rule 74.06(b)(4).

The points on appeal are denied.

### Conclusion

We affirm the denial of the motion to set aside the default judgment.

All concur.