In the Missouri Court of Appeals
 Western District

S.L.C. and M.S.C., )
 Respondents, ) WD84549
v. )
 )
M.M., ) FILED: February 15, 2022
 Appellant. )

 APPEAL FROM THE CIRCUIT COURT OF BOONE COUNTY
 THE HONORABLE LESLIE M. SCHNEIDER, JUDGE

 BEFORE DIVISION THREE ANTHONY REX GABBERT, PRESIDING JUDGE,
 LISA WHITE HARDWICK AND THOMAS N. CHAPMAN, JUDGES

 M.M. (“Father”) appeals the denial of his Rule 74.06(b) motion for relief

from the judgment terminating his parental rights to his son, N.M.J.W. (“Son”),

and granting the request of S.L.C. (“Mother”) and M.S.C. (“Stepfather”) to adopt

Son. Because the court failed to provide Father notice and an opportunity to be

heard on his Rule 74.06(b) motion, we set aside the judgment denying his Rule

74.06(b) motion and remand the case for further proceedings consistent with this

opinion.

 FACTUAL AND PROCEDURAL HISTORY

 Son was born in December 2008 to Father and Mother. Father has been

incarcerated in the federal prison system since November 2008. In January 2019,
Mother and Stepfather filed a petition for stepparent adoption alleging that Father

had abandoned Son. They requested that Father’s parental rights be terminated

and Stepfather be allowed to adopt Son.

 The court appointed counsel to represent Father. A hearing on the

adoption petition was held on September 5, 2019. Father, who was incarcerated

in a federal prison in Oklahoma at the time, did not appear in person. Appointed

counsel appeared on Father’s behalf. Following the hearing, the court entered its

judgment on September 10, 2019, terminating Father’s parental rights on the

basis of abandonment and granting the adoption.

 On February 18, 2020, Father filed a pro se motion in this court seeking

leave to file a notice of appeal of the adoption judgment out of time.1 We

sustained Father’s motion and ordered that he file his notice of appeal on or

before March 9, 2020. After Father filed his notice of appeal on March 12, 2020,

we dismissed his appeal as untimely filed.

 On September 8, 2020, Father filed a pro se motion in the circuit court for

relief from the adoption judgment under Rule 74.06(b). Father asserted several

grounds in his motion, including that his appointed counsel in the adoption

proceeding provided ineffective assistance of counsel.2 The court set Father’s

motion for hearing on February 26, 2021. The court’s notice of entry and Case.net

1
 All of Father’s filings from that point forward were pro se.

2
 “[P]ursuant to § 211.462.2, [RSMo 2016], a natural parent has a statutory right to counsel in a
termination of parental rights proceeding and, therefore, an implied right to effective assistance of
counsel.” In re J.P.B., 509 S.W.3d 84, 97 (Mo. banc 2017).

 2
indicate that the court mailed its notice of this hearing date to Father on February

19, 2021, and provided electronic notice to Father’s appointed counsel from the

adoption proceeding at the same time. At Mother and Stepfather’s request, the

hearing was continued and reset for March 2, 2021. The court’s notice of entry

and Case.net indicate that Father’s appointed counsel from the adoption

proceeding received electronic notice of the new March 2, 2021 hearing date on

February 24, 2021. The record does not indicate that notice of the new hearing

date was mailed to Father.

 On March 2, 2021, the court held a hearing on Father’s Rule 74.06(b)

motion. Mother and Stepfather appeared in person and by counsel. Still

incarcerated, Father did not appear, and his appointed counsel from the adoption

proceeding did not appear. The court denied Father’s motion.

 On March 10, 2021, the notice of entry that the court had mailed to Father

notifying him of the original February 26, 2021 hearing date on his Rule 74.06(b0

motion was returned to the court as undeliverable. The envelope indicated that

Father was no longer at that address. On March 17, 2021, Father filed a notice of

appeal from the denial of his Rule 74.06(b) motion. At the same time, he sent a

letter to the court in which he indicated that he had been moved to a federal

transfer center in Oklahoma and was “in transit” to a federal prison camp in

Texas. He provided the court with the addresses of the transfer center in

 3
Oklahoma and the prison camp in Texas.3 On March 30, 2021, Father filed a

motion for reconsideration/rehearing of his Rule 74.06(b) motion in which he

alleged, inter alia, that his transfer between institutions caused him not to receive

proper notice of the hearing on the motion. The next day, the court entered an

order stating that it was without jurisdiction to rule on any pending motion.

 On April 9, 2021, Father filed a motion in this court seeking leave to file a

late notice of appeal from the denial of his Rule 74.06(b) motion. We denied his

motion.4

 On May 11, 2021, Father filed a motion in the circuit court to set aside the

denial of his Rule 74.06(b) motion. In this motion, he again asserted, inter alia,

that he did not receive proper notice of the hearing on his Rule 74.06(b) motion.

The court denied the motion. Father filed this appeal. After this court notified

Father that he failed to include a copy of the judgment with his notice of appeal,

the circuit court entered a judgment on June 15, 2021, stating:

 1. Respondent’s Motion to set aside judgment denied May 11,
 2021.
 2. Respondent’s Motion to Reconsider/Rehearing filed 3/30/21
 denied.
 3. Respondent’s [Rule 74.06(b)] Motion for relief from
 judgment denied March 2, 2021.

3
 Case.net indicates that the court updated Father’s address at that time based on his letter. On
March 29, 2021, Father filed a notice of change of address, again stating that his new address was
the prison camp in Texas.

4
 The Case.net record in that case, No. WD84450, indicates that Father did not file a copy of the
judgment along with his motion for leave to file a late notice of appeal. This court notified Father
that, if a copy of the judgment was not received within five days, his motion for leave might be
denied. Father failed to file a copy of the judgment within five days.

 4
The Boone County Circuit Clerk then filed a copy of the judgment with this court.

 ANALYSIS

 Father raises six points on appeal. Because it is dispositive, we will

address only his claim in Point I that the court’s denial of his Rule 74.06(b) motion

was erroneous because the court violated his right to due process by failing to

provide him notice of the hearing date on his motion and an opportunity to be

heard. He argues this violation of his right to due process by failing to give him

notice of the hearing rendered the judgment denying his Rule 74.06(b) motion

void. See Forsyth Fin. Grp., LLC v. Hayes, 351 S.W.3d 738, 741 (Mo. App. 2011)

(noting that “judgments have been declared void [pursuant to Rule 74.06(b)(4)] for

lack of due process when litigants have been denied notice of critical

proceedings”).5

 The circuit court “has a duty to send parties notice of their trial setting once

ordered.” S.S. by and through T.R.S. v. K.E.J., 607 S.W.3d 266, 269 (Mo. App.

2020). Rule 43.01(a)(3) requires that each party be served with “[e]very written

notice, appearance, demand, offer of judgment, order, and similar paper that by

statute, court rule, or order is required to be served.” These provisions for service

protect a party’s due process rights to notice and an opportunity to be heard. See

5
 “Litigants can request relief from a void judgment pursuant to Rule 74.06(b) at any time.”
Forsyth Fin. Grp., 351 S.W.3d at 740 (citation omitted). Furthermore, “whether a judgment should
be vacated as void is a question of law that we review de novo, giving no deference to the trial
court’s determination.” Id.

 5
S.S., 607 S.W.3d at 269. Indeed, to satisfy due process requirements, “a party

must be informed of any proceeding which is to be accorded finality either by

actual notice or by some notice reasonably calculated, under all the

circumstances, to apprise interested parties of the pendency of the action and

afford them an opportunity to present their objections.” Am. Econ. Ins. Co. v.

Powell, 134 S.W.3d 743, 746 (Mo. App. 2004) (internal quotation marks and

citations omitted).

 The record indicates that, after the hearing on Father’s Rule 74.06(b) motion

was continued at Mother and Stepfather’s request, the court sent an electronic

notice of the new hearing date to Father’s appointed counsel from the adoption

proceeding. While service on a party’s counsel of the hearing date on a Rule

74.06(b) motion is proper under Rules 74.06(c) and 43.01(b), see Tompkins v.

Baker, 997 S.W.2d 84, 88 (Mo. App. 1999), the record is unclear whether Father’s

appointed counsel from the adoption proceeding was actually representing Father

at that time.

 Rule 115.03(c) provides that counsel appointed for parents in juvenile cases

“shall serve at all stages of the proceeding . . ., including appeal, unless relieved

by the court for good cause shown. If no appeal is taken, services of counsel may

be terminated following entry of an order of disposition.” Rule 115.04(c) provides

that “[c]ounsel may withdraw from representing a party only with leave of court

and only upon compliance with Rule 4 and any applicable local court rules.”

 6
 In the adoption judgment, the court did not state that appointed counsel’s

services were terminated at that time, but the court did order Father’s appointed

counsel to “submit an invoice for her attorney fees to be awarded by the Court.”

Moreover, while appointed counsel never filed a motion to withdraw from

representing Father, she did not file an appeal from the adoption judgment or any

other filings on Father’s behalf after the entry of the adoption judgment. Father

filed his appeal from the adoption judgment pro se. After this appeal was denied

as untimely, Father filed several motions and other filings, all pro se. Yet, the

court continued to send electronic notices to appointed counsel, including the

notice of the rescheduled hearing date on Father’s Rule 74.06(b) motion, which

the court sent only to appointed counsel.

 The court’s statements in the hearing on Father’s Rule 74.06(b) motion,

however, indicate that the court was uncertain whether appointed counsel was

actually representing Father at that time. At the start of the hearing, during which

only Mother, Stepfather, and their counsel appeared, the court asked if Father’s

appointed counsel was “still in this case.” Mother and Stepfather’s counsel

responded, “Well, we’re not sure. It’s been resolved for quite some time now, so I

wasn’t sure if she and the Guardian ad Litem . . . were planning to appear or not.”

The court then stated, “Apparently not.” After confirming that Father had filed the

Rule 74.06(b) motion pro se and that he was not in the courtroom, the court

denied the motion.

 7
 “Unless the record establishes that the complaining party was provided

notice of a trial setting, we may conclude the complaining party did not receive

notice.” S.S., 607 S.W.3d at 270 (citation omitted). Given that only appointed

counsel received notice of the hearing date, appointed counsel did not appear at

the hearing, and the court expressed uncertainty about whether appointed

counsel was “still in this case,” the record does not establish that Father was

provided notice of the hearing date on his Rule 74.06(b) motion.6 We conclude

that he did not receive such notice. Id. The failure to provide Father notice of the

hearing date on his Rule 74.06(b) motion violated his right to due process and

rendered the judgment denying the motion void. See Kerth v. Polestar Entm’t,

325 S.W.3d 373, 389 (Mo. App. 2010) (setting aside a judgment as void where

defendants were not given notice of trial setting).

 Father is entitled to notice and an opportunity to be heard on his Rule

74.06(b) motion.7 We express no opinion on the merits of any of his claims in his

motion.

6
 The record demonstrates that Father also did not receive notice of the original hearing date, as
the notice was returned to the court as undeliverable on March 10, 2021. According to Father’s
letter to the court, filed on March 17, 2021, he did not receive the notice of the original hearing date
because he had been moved to a federal transfer center in Oklahoma and was “in transit” to a
federal prison camp in Texas. Father noted his change of address in that letter and in a
subsequent notice of change of address filed on March 29, 2021. It is a “party’s responsibility to
keep the court or counsel informed of any address changes,” and if a party neglects that
responsibility, “he should have no cause to complain about the court’s action.” Kerth v. Polestar
Entm’t, 325 S.W.3d 373, 383 (Mo. App. 2010). We need not decide whether Father satisfied his
responsibility to keep the court informed of his change of address because the record shows that
the court did not attempt to mail the notice of the new hearing date to Father at his prior address.
7
 This does not mean that Father is entitled to attend the hearing in person. A party has no
constitutional or statutory right to appear in person at a civil trial. J.P.B., 509 S.W.3d at 97. “It is
well settled that a prisoner is not entitled to perfect access to the courts; an incarcerated person is

 8
 CONCLUSION

 The judgment denying Father’s Rule 74.06(b) motion for relief from the

adoption judgment is set aside, and the cause is remanded for further

proceedings consistent with this opinion.

 ____________________________________
 LISA WHITE HARDWICK, JUDGE
ALL CONCUR.

entitled to ‘meaningful access.’” In re C.I.G., 616 S.W.3d 758, 763 (Mo. App. 2021) (quoting Call v.
Heard, 925 S.W.2d 840, 846 (Mo. banc 1996)). This “right of access is satisfied by the presence of
sufficient alternatives to a personal appearance when the prisoner makes a timely request.” Id.

 9